Commonwealth, Appellant, *v.* Williams.

Submitted March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Allan B. Goodman,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellant.

*Philip D. Lauer,* for appellee.

*John J. Segata, Jr.,* for appellee.

PER CURIAM, May 21, 1970:

This is an appeal from Judge PALMER'S granting of motions for binding instructions and directing verdicts of acquittal in behalf of appellees. Judge PALMER'S action was predicated upon the Commonwealth's failure to present evidence on a crucial element of possession of burglary tools, the crime charged. The Judge's

opinion includes the following: "It would have been a simple matter for the Commonwealth to have had one of the police officers testify tire irons and screw drivers, such as those found in defendant's possession, were commonly used for breaking into vending machines. *2 Wharton's Criminal Evidence,* 12th Edition, p. 406. This it did not do. Nor did it introduce any testimony the vending machines which had been tampered with appeared to have been pried by tools such as these. In addition, not only was there no testimony that soda vending machines operate on nickles, dimes and quarters, but it is to be remembered there was no direct proof these defendants had anything to do with the tampering of the machines several blocks from where they were apprehended, machines which were not found to have been tampered with until after defendants were placed under arrest."

"As stated by President Judge KELLER in Commonwealth v. Obenreder, supra, at 254-255: 'It is well settled in this State that the Commonwealth cannot appeal from a judgment of acquittal in criminal prosecutions, except in cases of nuisance, forcible entry and detainer, and forcible detainer. . . . And this is so whether the prosecution be by indictment . . . or by summary proceeding. . . . And, if the former, it does not matter whether the verdict be rendered by the jury of its own accord or by direction of the court. . . . Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment, or an arrest of judgment following a verdict of guilty, or a judgment sustaining a demurrer to the evidence, which raise only questions of law *and do not result in a verdict of not guilty or judgment of acquittal,* and accordingly in those cases, the Commonwealth may appeal.' This rule was reiterated by Judge (now President Judge) RHODES in Commonwealth v. Kerr, supra, wherein at 602, he said: '[T]he result of the verdict of not guilty is that the

Commonwealth is precluded from appealing from the judgment of acquittal.' As pointed out in Commonwealth v. Heiland, supra, at 189: 'The rule is the same whether the result is an error committed by the trial court or a perverse finding of the jury.' Even in a case wherein the court below sustains the defendant's demurrer to the Commonwealth's evidence and in addition erroneously enters a judgment of not guilty, the Commonwealth may not appeal. Commonwealth v. Kerr, supra." *Commonwealth v. Haines,* 410 Pa. 601, 603-604, 190 A. 2d 118, 119 (1963) [original emphasis, footnote omitted].

Appeal quashed.