Opinion by
 

 Woodside, J.,
 

 This is an appeal by the Commonwealth from a finding of not guilty entered by the Court of Quarter Sessions of Allegheny County after a trial without a jury. Ordinarily the Commonwealth cannot appeal from a finding of not guilty, but there are exceptions.
 
 Commonwealth v. Obenreder,
 
 144 Pa. Superior Ct. 253, 19 A. 2d 497 (1941);
 
 Commonwealth v. Kerr,
 
 150 Pa. Superior Ct. 598, 29 A. 2d 340 (1942).
 

 The Act of May 19, 1874, P. L. 219, §1, 19 P.S. §1188, provides, inter alia, “. . . in cases charging the offence of nuisance or forcible entry and detainer, or forcible detainer, exceptions to any decision or ruling of the court may also be taken by the Commonwealth, and writs of error and
 
 certiorari,
 
 as
 
 hereinbefore provide
 
 
 *631
 
 ed, may be issued from the supreme court
 
 [1]
 
 to all criminal courts, . .
 

 The Act of June 24, 1939, P. L. 872, section 601, 18 P.S. 4601, provides as follows: “All lotteries, whether public or private, for monies, goods, wares or merchandise, chattels, lands, tenements, hereditaments, or other matters or things whatsoever,
 
 are hereby declared to be common nuisances
 
 . . . .” (Emphasis supplied)
 

 The defendant was indicted for conspiracy and also for being “concerned in divers ways and manners in the managing, conducting and
 
 carrying on of a certain common
 
 nuisance, to wit, a certain lottery for money, goods, wares, merchandise, chattels, lands, tenements, hereditaments, and certain other matters and things, contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.” (Emphasis supplied)
 

 The defendant was tried before the court without a jury on all charges. Prior to the trial on the merits, the defendant made a motion to suppress certain evidence on the ground that it was obtained by an unlawful search and seizure. There was no preliminary decision on this motion, and at the trial the evidence was admitted subject to objections. Some months later after a lengthy opinion on the question of search and seizure, the trial judge ruled that the challenged evidence was inadmissible, and found the defendant not guilty. The Commonwealth appealed, seeking a new trial on the ground that its challenged evidence was improperly rejected.
 

 The appeal from the conspiracy indictment will be dismissed. As appears above, one of the counts in the other indictment charges a nuisance and the appeal from the finding of not guilty on that charge will be
 
 *632
 
 allowed.
 
 Commonwealth v. Wallace,
 
 7 Pa. Superior Ct. 405 (1898).
 

 The Commonwealth contends that the search for and the seizure of the challenged evidence was reason-, able and therefore legal. The defendant has not ar; gued before us either orally or by brief but the court below has filed an opinion setting forth in detail the reasons for its finding.
 

 There are only 30 printed pages of testimony, but it must be reviewed in some detail. Pittsburgh police officers, investigating numbers operators, saw a marl leave an automobile parked on the Isaly Dairy parking lot, go to another automobile parked on the lot and reach inside it as though putting something there, then return to his own automobile and drive away. The officers ascertained from the license number of this automobile that it was registered in the name of Joseph Heigle, whom they later identified as its driver. Heigle had a record of previous arrests and was reputed in police and gambling circles to be involved in the numbers business. The police saw Heigle drive by the Isaly lot several timés after they had observed this incident but they did not again see him stop there until he parked on the lot nine or ten days later. While Heigle was sitting in his parked automobile, Gilbert Katz, the appellant, drove up and parked. When Katz arrived, Heigle and Katz both left their automobiles and conferred briefly on the lot. Katz then entered the store and Heigle returned to his automobile, took a bag from it, carried the bag to Katz’s car and put - it on the floor under the front seat. Heigle then returned to his automobile and immediately drove away. The police without obtaining a warrant went to the Katz automobile and took the bag from under the front seat. It contained 578 current number slips. Katz, who like Heigle, had been arrested on previous occasions and who had the reputation in police and
 
 gambling
 
 circles
 
 *633
 
 of being a “numbers man”, was arrested as he returned to his automobile. The police then took Katz’s keys and opened the trunk of his automobile where they found several bags containing over 9000 current number slips. The confiscated slips represented plays of $21,870.09.
 

 The trial court concluded that the police had conducted an illegal search and refused to consider the seized number slips as a part of the evidence.
 

 Section 8 of Article I of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution forbid all “unreasonable searches and seizures”. These provisions permit
 
 reasonable
 
 searches without a warrant. “The 'reasonableness’ of a search and seizure must be determined on an ad hoc basis, i.e., on the facts and the circumstances of each particular case.”
 
 Commonwealth v. Bosurgi,
 
 411 Pa. 56, 190 A. 2d 304 (1963).
 

 At the outset, it must be noted that the court below in the instant case based its invalidation of the search upon opinions of the United States Supreme Court involving the searches of dwellings and other buildings
 
 [2]
 
 despite the fact that in this case the actual search was of an unlocked and unattended automobile parked in a public parking area. The search of an automobile cannot be equated with the search of a non-movable structure behind whose walls and doors the occupier is afforded every possible right to privacy. Operating an automobile on a public highway is a privilege subject to many regulations and restrictions. Both the United
 
 *634
 
 States Supreme Court and our Court have recognized the distinction between vehicles and buildings in search and seizure cases:
 
 Carroll v. United States,
 
 267 U.S. 132, 45 S. Ct. 280 (1925);
 
 Husty v. United States,
 
 282 U.S. 694, 51 S. Ct. 240 (1931);
 
 Commonwealth v. One 1958 Plymouth Sedan (McConigle),
 
 199 Pa. Superior Ct. 428, 186 A. 2d 52 (1962);
 
 Commonwealth v. One 1955 Buick Sedan (Scott),
 
 198 Pa. Superior Ct. 133, 182 A. 2d 280 (1962).
 

 The right to search an automobile or other vehicle is not unlimited, but searches of them must be viewed in the light of the obvious capability of a vehicle to remove the criminal, his victim, his loot, his weapon, his tools and contraband from the locale of the crime. The fact that a vehicle is the place searched is one of the important circumstances that must be considered in determining the reasonableness of the search.
 

 Under all of the circumstances in this case, we believe that the search was reasonable and the lottery slips should have been admitted into evidence at the trial.
 

 In passing, we might note that the question of the legality of the search and seizure should have been disposed of in a separate proceeding prior to the trial on the merits, thereby reserving the Commonwealth’s right of appeal. See
 
 Commonwealth v. Bosurgi,
 
 supra, 411 Pa. 56, 60, 62, 190 A. 2d 304 (1963).
 

 A new trial is granted to the Commonwealth on its appeal from the finding of not guilty on the nuisance charge; the appeals by the Commonwealth from the findings of not guilty on the other charges are dismissed.
 

 Montgomery, J., would dismiss this appeal on all charges.
 

 [1]
 

 Now issued from the Superior Court. See Act of June 24, 1895, P.
 
 L.
 
 212, as amended, 17 P.S. §111 et seq.
 

 [2]
 

 In particular, the court relied upon
 
 Ker v. California,
 
 374 U.S. 23, 83 S. Ct. 1623 (1963) (apartment);
 
 Taylor v. United States,
 
 286 U.S. 1, 52 S. Ct. 466 (1932) (garage);
 
 Johnson v. United State,
 
 333 U.S. 10, 68 S. Ct. 367 (1948) (hotel room);
 
 McDonald v. United States,
 
 335 U.S. 451, 69 S. Ct. 191 (1948) (rented room); and
 
 Wong Sun v. United States,
 
 371 U.S. 471, 83 S. Ct. 407 (1963) (laundry, apartment).