Commonwealth *v.* LaValle, Appellant.

Argued March 15, 1966. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Harvey C. Bridgers, Jr.,* with him *Maxwell & Bridgers,* for appellant.

*Merrill W. Kerlin,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 17, 1966:

This appeal is from a judgment of sentence following a finding of guilt by Hon. W. C. SHEELY in a nonjury trial on an indictment charging the crime of possessing narcotics.

The only issue raised is whether the search of appellant's automobile which revealed the presence of heroin and marijuana, made without a search warrant, was in violation of appellant's constitutional rights. Appellant admits in his brief that the officer who made the search had sufficient information on which to secure a search warrant but contends that he also had sufficient time to secure one and not having done so the search without a warrant was illegal under the Fourth Amendment of the United States Constitution and the evidence recovered thereby inadmissible.

The facts as found by the lower court are stated in its opinion as follows:

"On April 9, 1964, about 10:00 P.M., Trooper Eugene M. Czanca of the Pennsylvania State Police received a call at the Everett barracks from George

Collett, Chief of County Detectives of Allegheny County, stating that some time during the night a Ford Falcon coupe bearing a certain registration number would travel west on the turnpike and that its two occupants, at least one of whom was a negro, would possess narcotics. With this information Trooper Czanca proceeded to Cove Valley Service Station and waited there about twenty or twenty-five minutes when he saw the vehicle answering the description and bearing the registration number indicated come into the service area at the gas pumps. He approached the automobile and asked the operator for his cards and received the cards of Ruben Epps. Epps said he thought the car belonged to Lavalle, but Lavalle said he had borrowed the car since his car was in the garage.

"The Trooper then took the men to the police car and asked Epps for the key to the trunk stating that he was going to search the car. Epps gave him the keys and neither defendant objected to the search. In the trunk he found a black garment bag containing clothing and in the clothing he discovered 25 'decks' of silver tin foil packs of white powder and a bag containing loose powder, all of which was later identified as heroin. Lavalle admitted owning the clothing and admitted that the packets contained heroin and that he knew that the 'stuff' was in the car.

"The two defendants admitted at the hearing on the motion to suppress evidence that no objection was made to the search but denied that Epps surrendered the keys to Czanca. They both testified that Czanca took the keys from the ignition, Lavalle stating that the engine was running and Epps stating that he had cut the motor of his own accord. Epps also testified that he had no reason to object to a search."

On the question of the reasonableness of a search of an automobile different considerations apply than where a search is made of a residence. In both cases

the issue must be determined from the particular facts in each case. *Commonwealth v. One 1958 Plymouth Sedan (McGonigle)*, 418 Pa. 457, 211 A. 2d 536 (1965). The basic question in cases involving a moving automobile is whether it is practical to secure a warrant. The reason for the distinction is that a vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be brought. *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963), cert. denied, 375 U.S. 910, 84 S. Ct. 204, 11 L. Ed. 2d 149.

The thrust of appellant's argument is that Officer Czanca had sufficient time to secure a warrant between 10:00 p.m., when he first received the aforestated information and the time the automobile was driven into the Cove Valley Service Station, which was eighteen miles from the Everett Barracks of the State Police and twenty to twenty-five minutes after the officer arrived at that point. Appellant argues that he was traveling on the Pennsylvania Turnpike with limited exits and for that reason was practically a prisoner and easily apprehended. The argument is somewhat novel but untenable for several reasons.

At the outset, appellant's argument wrongfully assumes that the car in which appellant and his companion were riding would not reach the area in which the trooper was stationed for some length of time after he received the phone message. It is more reasonable to assume that immediately upon receipt of the message the officer would consider the matter urgent and immediately take steps to check the turnpike for a car meeting the given description rather than lose the time required to secure a warrant.

Secondly, appellant's argument also wrongfully assumes that his means of escape were completely covered, whereas there is ample opportunity to depart

28

from the turnpike quickly at the various exits, some of which are not more than ten miles apart. With speed limits permitting travel at 65 miles per hour such escape could be quickly accomplished without attracting attention by violating such limits. Furthermore, such contraband, narcotics, could be easily disposed of without detection by merely throwing them from a fast traveling car at night.

Under all the circumstances we conclude that the search of appellant's car without a warrant was not an unreasonable one. *Carroll v. United States,* supra; *Commonwealth v. One 1958 Plymouth Sedan (McGonigle),* supra.

The lower court reached its conclusion partly on its finding that Epps had consented to the search. However, we do not base our decision on that ground and refrain from deciding the effect of appellant's failure to object when Epps so consented. Epps was found not guilty of the same charge of which appellant was convicted, from which it may be reasonably inferred that he did not know of the presence of the narcotics and therefore readily agreed to the search.

Judgment of sentence affirmed.