## Commonwealth v. Sager

---

*Robert F. Banks,* Assistant District Attorney, for Commonwealth.

*Ronald T. Heiman,* for defendant.

STRANAHAN, P. J., December 2, 1968.—

## FINDINGS OF FACT

And now, on this November 27, 1968, this matter having come before the court for hearing, and the court having heard the testimony, makes the following findings of fact:

(1) On September 8, 1968, Officer Robert George Michael of the Pennsylvania State Police stopped defendant's car on routine patrol;

(2) Prior to stopping the automobile, the police officer had been following defendant's car and observed through the window of the car that a female passenger in the automobile had removed a gun belt and a revolver, which was in a holster attached to the belt, from the front of the car to the back seat;

(3) After doing this, it appeared to the officer that the female companion had also placed handcuffs and also had placed a newspaper overtop of the gun belt and handcuffs in the rear seat of the car;

(4) Upon being stopped by the police officer and after producing his driver's license and owner's card, defendant was asked by the police officer, "Can I see the revolver?"

(5) Defendant having been asked this, he then proceeded to the rear seat of the car and produced a revolver which he showed to the police officer;

(6) The police officer directed that defendant follow him to the police station in Mercer, and after further consideration, the officer placed defendant under arrest at the Mercer State Police Barracks;

(7) The officer at the time of stopping defendant and after observing the gun asked defendant if he had a permit for the gun, to which defendant replied that he did not.

## OPINION

This court has before it a motion to suppress evidence obtained by the police officer in this case. This evidence consists of a revolver, a cartridge belt and certain rounds of ammunition which were affixed to the belt. At the time of the hearing the court made certain findings of fact which it has filed in this case, and these findings of fact are incorporated into this opinion and made a part of it.

The issue raised by defendant in this case involves the question of search and seizure, and also involves a very novel question under the Fifth and Sixth Amendments of the Constitution of the United States.

The search and seizure question is not too difficult under the existing laws of the Commonwealth of Pennsylvania, since our court has repeatedly held that an automobile occupies a different status as far as search

and seizure without a warrant is concerned, from that of a residence. The reason for this rule is obvious in that an automobile is quite mobile, and therefore the opportunity to obtain a search warrant and come back and search it are far less than the opportunity would be when a residence is involved.

In Commonwealth v. One 1958 Plymouth Sedan, 418 Pa. 457, the court set down certain rules concerning the search of an automobile without a warrant. The court states, page 463:

"While a warrant may not be necessary for the stoppage and search of a moving automobile, such rule does not relax the requirement that the officers must have 'reasonable or probable cause' to believe that the automobile contains contraband. Without a warrant the officers take a calculated risk; the search and seizure must be shown to have been upon reasonable and probable cause, i.e., that the officers had reasonable grounds to believe an offense has been or is being committed. The character of the object to be searched goes to the question of justification for not having obtained a search warrant; in no manner does it alter the requirement that reasonable and probable cause must exist to justify the search".

The case of Commonwealth v. LaValle, 208 Pa. Superior Ct. 24, page 27 states:

"The basic question in cases involving a moving automobile is whether it is practical to secure a warrant".

In the case of Commonwealth v. Scull, 200 Pa. Superior Ct. 122, the court states, page 126:

"The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case".

See also Commonwealth v. Katz, 202 Pa. Superior Ct. 629.

In the present case the findings of fact clearly indicate that the police officer had probable cause to search the automobile of defendant, in view of the fact that the police officer had observed there was a revolver and the other items in the car which of itself would create probable cause, thereby entitling the police officer to conduct such a search.

This conclusion, however, does not solve all of the problems in the case, for the testimony clearly indicates that at the time the police officer was in the vicinity of the defendant's automobile the police officer said to the defendant: "Can I see the revolver?" Defendant said nothing but proceeded to the rear seat of the car and produced a revolver which he showed to the police officer. At that time the police officer considered defendant to be in custody, and therefore defendant now argues that since he was in custody the police officer had no right to interrogate him without first advising him of his rights as set forth in the Miranda case. This the police officer did not do.

Defendant further argues that since the Miranda[1] warnings were not given to him, and since he was in custody and interrogated, that the production of the gun by defendant from the back seat was a fruit of the interrogation, and therefore it should be suppressed.

We cannot accept this argument because we do not feel that the statement by the police officer is a statement of interrogation. In reality since the police officer already knew that the gun was in the car and since the police officer had probable cause to search the vehicle, he was not interrogating defendant for the purpose of securing information from him. Interrogation to obtain information is the type of interrogation that the Fifth and Sixth Amendments seek to prevent with-

---

[1] Miranda v. Arizona, 384 U.S. 436; 86 S. Ct. 1602.

out proper safeguards. In reality the police officer was merely saying to defendant, can I see the revolver or must I search your car for it, since I already know it's there? By analogy this is similar to police officers appearing at a residence with a proper search warrant and saying to the occupant we have the right to search your home, are you going to admit us voluntarily or do we have to enter with force? Such a statement as this is hardly the type of interrogation that requires Miranda warnings.

For this reason we hold that defendant's rights under the Fifth and Sixth Amendments were not violated, and therefore the motion to suppress must be refused.

ORDER

And now, December 2, 1968, the motion to suppress is denied.