Commonwealth, Appellant, *v.* Ferrone.

■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■

Submitted April 12, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■ ■■■■
■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■

*Carol Mary Los*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellant.

*Harry J. Gruener*, for appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellee was arrested and indicted on charges of poolselling and bookmaking. On July 3, 1969, he filed an application to suppress all evidence which police officers had obtained from a search of his home. The main contention in this application was that there was

no probable cause to justify issuance of the search warrant pursuant to which the search was made.

Trial on the charges took place on October 23, 1969. The first portion of this proceeding was directed toward establishing whether there was probable cause for issuing the warrant. Following testimony, Judge SILVESTRI reserved decision on the suppression issue[1] and suggested that testimony be taken on the merits of the case so that the police officers who were then present in court would not have to come back at a later time. Both the district attorney and the defense attorney agreed with this suggestion and the trial proceeded to conclusion.

During the course of the trial, the Commonwealth attempted to place into evidence testimony regarding the contents of various phone conversations which took place between the police officers and unidentified third persons. These conversations occurred when the police answered the defendant's telephone while they were searching his home pursuant to the warrant. Defendant's attorney objected to this testimony on the ground it was unlawfully obtained; however, the court permitted the officers to testify regarding the telephone conversations, requested briefs be submitted on the question, and reserved determination as to whether the testimony should be stricken.[2] The remainder of the evidence entered against appellee consisted of plain, unmarked, rice paper and some sports-pool sheets with written figures upon them.

On December 4, 1969, Judge SILVESTRI filed an opinion and order. In the opinion he sustained the validity of the search warrant, and the admissibility of the

---

[1] Decision was reserved in the suppression issue in order to give the district attorney time to file a reply on the question of probable cause.

[2] The telephone calls consisted of the callers asking for the "line" on certain sporting events and attempts to place bets on sporting events.

physical evidence which was seized, *i.e.*, the rice paper and pool sheets. However, he suppressed the evidence regarding the phone calls, holding that the calls were intercepted in violation of the federal statute entitled "Wire Interception and Interception of Oral Communications." 18 U.S.C.A. §§2510-2520 (1970). He then found appellee not guilty because the remainder of the evidence was not sufficient to prove beyond a reasonable doubt that appellee was engaged in poolselling or bookmaking.

The Commonwealth appeals, contending that the admission of the contents of the telephone calls was not prohibited either by the federal statute or by the Pennsylvania statute entitled "Interception and Interference of Communications," Act of July 16, 1957, P. L. 956, 18 P.S. §3742. This contention is based on the premise that police officers answering a ringing phone during a valid search are not "intercepting" a call as the term "intercept" is used in both statutes. We need not reach this question since we believe that the appeal must be quashed because the lower Court acquitted the defendant.

The Commonwealth suggests that an appeal does lie, since they are appealing the suppression of the evidence and the not-guilty verdict was entered before the Commonwealth could challenge this suppression. It is true that the Commonwealth has the right of appeal from a pretrial order suppressing evidence where the order in effect terminates or substantially handicaps the Commonwealth. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). Such appeal lies because usually a pretrial order suppressing evidence involves a pure question of law; the Commonwealth may appeal where the question involved is purely one of law. *Id.* at 61, 190 A. 2d at 307; *Gaskins Case,* 430 Pa. 298, 244 A. 2d 662 (1968); *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961).

A different situation exists, however, where, after a trial on the merits, the trial judge in addition to suppressing evidence also acquits the defendant. In *Commonwealth v. Katz*, 202 Pa. Superior Ct. 629, 198 A. 2d 883 (1964), this Court considered a case very similar to the instant case. The defendant in *Katz* was tried, non-jury, on an indictment charging (1) conspiracy and (2) carrying on a common nuisance. Prior to a trial on the merits, the defendant filed a motion to suppress. There was no preliminary decision on the motion and the evidence was admitted at trial subject to objections. Following the trial, the lower court judge filed an opinion ruling the challenged evidence inadmissible and finding the defendant not guilty. The Commonwealth appealed and this Court dismissed the appeal as to the conspiracy indictment.[3] In so doing, this Court reaffirmed the rule that where a defendant has been found not guilty, either by verdict of the jury or by decision of the trial judge, the Commonwealth has no right of appeal except where allowed by statute. See also, *Commonwealth v. Lodge No. 148, L.O.O.M.*, 188 Pa. Superior Ct. 531, 149 A. 2d 565 (1959). Since, in the present case, the lower court found appellee not guilty, it follows that the Commonwealth may not appeal.

A situation analogous to this case is found where a trial judge sustains a demurrer to the Commonwealth's evidence and proceeds to acquit the defendant. Normally, the Commonwealth may appeal a judgment sustaining a demurrer since such a judgment raises only a question of law. *Commonwealth v. Haines*, 410 Pa. 601, 190 A. 2d 118 (1963). However, where a lower court sustained a demurrer and, in addition, acquitted

---

[3] The appeal as to the charge of nuisance was heard since the Act of May 19, 1874, P. L. 219, §1, 19 P.S. §1188, allows the Commonwealth to appeal in cases charging the offense of nuisance, forcible entry and detainer, or forcible detainer.

the defendant, this Court stated: "The court below, after sustaining defendant's demurrer to the evidence, should not have directed the jury to find a verdict of not guilty. The object of a demurrer to the evidence is to ascertain the law on an admitted state of facts. . . . If the demurrer is sustained and the defendant discharged, the Commonwealth may then appeal. . . . The court below, however, after sustaining the demurrer, did not discharge defendant, but directed the jury to return a verdict of not guilty. *While this procedure was incorrect, the result of the verdict of not guilty is that the Commonwealth is precluded from appealing from the judgment of acquittal.*" (Emphasis added.) *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 601-2, 29 A. 2d 340, 342 (1942); see also, *Commonwealth v. Haines,* supra; *Commonwealth v. Miller,* 150 Pa. Superior Ct. 604, 29 A. 2d 343 (1942). Similarly, in the instant case, since there was a trial on the merits before the order of suppression was entered and this procedure was agreed to by the Commonwealth, the verdict of not guilty entered simultaneously with the suppression order precludes a Commonwealth appeal.

Appeal quashed.