Commonwealth, Appellant, *v.* Kloch.

Submitted March 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Edward S. Newlin,* Second Assistant District Attorney, and *John R. Walker,* District Attorney, for Commonwealth, appellant.

*Blake E. Martin* and *Thomas H. Crider,* for appellee.

OPINION BY HOFFMAN, J., June 16, 1972:

This is an appeal by the Commonwealth from the granting of appellee's motion to suppress the results of a blood alcohol test.

On January 29, 1971, two State Police troopers, while on patrol, received a dispatch that a motor vehicle was parked on the traveled portion of Legislative Route 340 with its lights on and the motor running. Upon arriving at the scene, the troopers found an automobile parked in the southbound lane facing south, with both left wheels and one-half to three-quarters of the left side of the vehicle in the roadway. The remainder of the vehicle and the two right wheels were on the shoulder of the road. The vehicle's lights were on and the motor was running.

One of the troopers approached the car and observed appellee asleep or unconscious, leaning against

the left front door. The trooper knocked on the window to awaken appellee, and when the appellee opened the car's window, the trooper noted a strong odor of alcohol. Appellee was then asked for his operator's license and registration. Appellee had difficulty producing the cards, and he handed several different cards to the trooper before the correct cards were pointed out to him.

Appellee was given the Pennsylvania State Police field sobriety test, and his actions were consistent with intoxication.[1] After advising appellee that he would be arrested for operating a motor vehicle under the influence of intoxicating liquor, the troopers took appellee back to the State Police Barracks where appellee agreed to submit to a blood alcohol test given by a doctor. The test indicated that appellee had a blood alcohol level of 0.18 per cent.

Subsequently, an application was made on behalf of appellee to suppress the blood alcohol test. A hearing was scheduled, and as a result of that hearing the lower court ruled that the warrantless arrest of appellee was invalid.

The lower court reasoned that a warrantless arrest for a misdemeanor not involving a breach of the peace may be made only on view either at the time of the commission of the offense, immediately thereafter, or in fresh pursuit of the offender. In the instant case, according to the lower court, the trooper never observed appellee "operating" his motor vehicle, and therefore the arrest was illegal because it was not made on view. The evidence resulting from this arrest was then suppressed by the lower court.

---

[1] The officer conducted the field test by asking the appellee to walk away from him and then back again. The officer testified that the appellee staggered and that he looked as if he were going to fall.

The Commonwealth contends that the suppression of the blood alcohol test was error because appellee was in actual physical control of the motor vehicle. It is argued that "control" or "management" of a motor vehicle is an operation of that vehicle within the meaning of The Vehicle Code.[2]

We do not find it necessary to reach the merits of the Commonwealth's appeal because we do not believe that the Commonwealth has the right to appeal this pretrial order of suppression. In *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304, *cert. den.*, 375 U.S. 910 (1963), our Supreme Court held that the Commonwealth could appeal questions of pure law only where (1) the order of suppression will result in a termination and conclusion of the prosecution or (2) the Commonwealth will be substantially handicapped because it cannot present all of its available evidence.

It is apparent that the Commonwealth had ample evidence that appellee had been driving under the influence of intoxicating liquor without the admission of the results of the blood alcohol test.[3] The Commonwealth, moreover, has nowhere maintained that it would be substantially handicapped or concluded by the inadmissibility of the suppressed evidence. See *Commonwealth v. Ferrone*, 218 Pa. Superior Ct. 330, 280 A. 2d 415 (1971).

For the above reason the Commonwealth's appeal in this case must be quashed.

---

[2] Act of April 29, 1959, P. L. 58, §1037, 75 P.S. 1037.

[3] It should be noted that in 1971, out of 4,138 arrests in Philadelphia County for driving under the influence of intoxicating liquor, only 13 defendants were given blood alcohol tests. Approximately 3,600 of the defendants were given breathalyzer tests.