## Commonwealth v. Jacoby

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

*Salvador J. Salazar,* Assistant District Attorney, for Commonwealth.

*John D. DiGiacomo,* Public Defender, for defendant.

WILLIAMS, J., September 25, 1972.—Defendant, upon waiving his right to a jury trial, has been tried by this court and convicted of operating a motor vehicle while under the influence of intoxicating liquor. Presently before us are defendant's motions for a new trial and in arrest of judgment.

At the trial, Officer Regino Cora, of the Bethlehem City Police, testified that on May 9, 1971, he investigated an accident at the Fourth Street Bridge in Bethlehem. Upon arriving at the scene of the accident, Officer Cora and his partner, Officer Gawlik, observed a car with its front end hanging over the bridge. Defendant was out of, and away from, the vehicle. Officer Cora administered first aid to Mr. Jacoby and asked him if he was the operator of the automobile. Defendant replied that he was. At this time, Mr. Jacoby was advised of his constitutional rights, placed under arrest without a warrant, and charged with operating a vehicle while under the influence of intoxicating liquor. He was then transported to the hospital where he consented to the taking of a blood sample.

Defendant's first contention is that the judgment should be arrested. Such a motion is an attack upon the sufficiency of the evidence to support a guilty verdict and must be evaluated in light of the entire record:

Commonwealth v. Tabb, 417 Pa. 13, 207 A.2d 884 (1965). In Commonwealth v. Frye, 433 Pa. 473, 252 A.2d 580 (1969), the Supreme Court of Pennsylvania. stated:

"It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted."

All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of a motion in arrest of judgment is to admit all the facts which the Commonwealth tends to prove: Commonwealth v. Terenda, 433 Pa. 519, 252 A.2d 635 (1969).

Defendant in his motion in arrest of judgment simply avers that:

1. The verdict is contrary to the evidence;

2. The verdict is contrary to the weight of the evidence; and

3. The verdict is contrary to the law.

After a careful review of the record it appears that, if all of the evidence were admissible, a verdict of guilty could have clearly been supported by such evidence. For this reason, defendant's motion in arrest of judgment is denied.

A motion for a new trial has also been filed by defendant in this action. It is his contention that the arrest was illegal and, therefore, the blood sample taken subsequent to his arrest was inadmissible as the fruit of an illegal arrest.

The Vehicle Code provides that "[p]eace officers,

. . . may arrest, *upon view*, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor. . ." (Italics supplied.)[1] In addition, Pennsylvania Rule of Criminal Procedure 102(3) permits an arrest without a warrant for a misdemeanor "committed in the presence of " the arresting officer. Defendant contends that, since the motor vehicle was not in operation when the officers reached the scene, the offense was not committed within their presence and his arrest without a warrant was improper.

There are two co-existent elements of the crime of driving while under the influence of intoxicating liquor: (1) the driving of a motor vehicle, and (2) the driver under the influence of intoxicating liquor: Commonwealth v. Gilliland, 51 D. & C. 2d 35 (1970). The problem develops, as it has here, when only the second element is actually observed by the arresting officer and the first element is learned through a method other than observation. There are no appellate decisions in Pennsylvania concerned with whether the above situation contains the elements necessary for an arrest "on view" or "in the presence of an officer."[2] Several lower court cases have divided on the question.

One line of cases adopts the position that, if the arresting officer has not actually observed all of the elements of the offense or his senses do not afford him knowledge that it is being committed in his presence, an arrest without a warrant is illegal: Commonwealth v. English, 53 D. & C. 2d 668 (1971); Reese License,

---

[1] Act of April 29, 1959, P. L. 58, sec. 1204, 75 PS §1204.

[2] In Commonwealth v. Kloch, 221 Pa. Superior Ct. 324 (1972), the Superior Court declined to reach the merits of a directly related question, quashing the district attorney's appeal on procedural grounds.

51 D. & C. 2d 112 (1971); Commonwealth v. Gilliland, supra. These cases employ a very narrow reading of The Vehicle Code and the Rules of Criminal Procedure. The position taken by other district courts is that, "When an officer sees a person at or near an automobile after an accident under such circumstances that would lead a reasonable person to conclude the car has recently been operated and that the person is the operator, and there is also reasonable grounds to believe the operator is under the influence of intoxicants, the offense of operating under the influence has been committed in the presence of the officer and he may arrest the operator on view": Commonwealth v. Hoover, 55 D. & C. 2d 34 (1971).

While the rationale of Hoover is appealing, particularly in drunk driving cases, it appears to be merely a restatement of the grounds for probable cause[3] and would obliterate any distinction between warrantless arrests for felonies and misdemeanors. Probable cause is required for all warrantless arrests;[4] however, The Vehicle Code and the criminal rules require more of a warrantless misdemeanor arrest. Such an arrest must be "on view" for an offense committed "in the presence of" the arresting officer. If the legislature intended a lesser standard in motor vehicle cases, appropriate provision could have been made in the statute.

The other line of cases, adopting a literal construction of The Vehicle Code, are not controlling in the case at bar. In each of them the identity of the operator of the vehicle was supplied by a third party. Therefore, the arresting officer had viewed only one of the ele-

---

[3] See Commonwealth v. Murray, 437 Pa. 326, 263 A.2d 886 (1970).

[4] P. L. Encyc., Arrest, §4.5 (Supp., 1971).

ments of the crime and had learned the other through hearsay evidence. While this may be sufficient to constitute probable cause, it is not adequate to permit a warrantless arrest for a misdemeanor. Clearly, the officer had not observed all the elements of the offense or learned them through the use of his senses.

The case before us provides a distinguishing factor. Here, the officer had viewed the element of intoxication while defendant himself *admitted*[5] to being the driver of the vehicle. It is our opinion that an arrest is made on view where defendant is intoxicated at the time of the arrest and admits that he has been driving the vehicle.

It is stated in 5 Am. Jur. 2d, page 721:

"If an officer does not know of the acts constituting an offense, that offense is not being committed in his presence in respect of the justification of an arrest without a warrant."

In the case of an admission by defendant, the officer does have knowledge of the acts constituting an offense. The missing element of the offense has been supplied by the accused himself and he should now be subject to an arrest without a warrant.

The Supreme Court of New Jersey has followed this rule since 1926. In State v. Murphy, 5 N.J. Misc.

---

[5] Miranda warnings were not necessary at this point. Such a warning is only necessary for in-custodial interrogation. This is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way": Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). Miranda was not intended to affect police officers in on-the-scene investigatory questioning: Annotation, 10 A.L.R. 3d 1054 (1966). Cf. Commonwealth v. Bonser, 215 Pa. Superior Ct. 452 (1969), holding that a person charged with driving under the influence of alcohol is entitled to Miranda warnings prior to *custodial* interrogation.

957, 134 Atl. 900 (1926), the court held that an arrest for driving while under the influence was not illegal where defendant was intoxicated at the time of the arrest and *admitted* that he had been driving. Decisions from other jurisdictions are collected in an annotation in 47 A.L.R. 2d 570.

In Commonwealth v. Miles, May term, 1971, no. 344, January 10, 1972, this court through Grifo, J., held:

"[W]here one element of a misdemeanor is viewed by a police officer and the offender voluntarily admits the other requisite elements, the view and admission taken together are tantamount to an actual observance of the entire series of elements necessary to constitute that offense."

Such a rule makes sense from the standpoint of credibility. Normally, an individual will not admit to committing one of the elements of a crime if he has not, in fact, committed it. The problem of the veracity of hearsay statements by third persons is not present. To require a police officer to locate a magistrate and obtain an arrest warrant after the accused has admitted to operating the vehicle would be an illogical and unduly restrictive interpretation of The Vehicle Code and the Pa. Rules of Criminal Procedure.

For the above reasons, we enter the following

## ORDER OF THE COURT EN BANC

And now, September 25, 1972, defendant's motions in arrest of judgment and for a new trial are denied and dismissed. Defendant is directed to appear before the court for sentencing at 1:15 p.m. on Monday, October 30, 1972.