Commonwealth, Appellant, *v.* Pugh.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Rich-*

*ard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Lenard H. Sigal,* for appellee.

OPINION BY PACKEL, J., November 16, 1972:

Forcible entry to execute a search warrant is permissible if the police have announced their identity and purpose and given the inhabitants a reasonable opportunity to open the door. *Commonwealth v. Newman,* 429 Pa. 441, 240 A. 2d 795 (1968). Exigent circumstances permit an immediate breaking into a premises if the officer with a search warrant has reasonable grounds to believe that he is being refused admittance or that evidence is being destroyed. The issue raised in this case is whether a woman's lie about being alone is such an exigent circumstance.

The only testimony at the suppression hearing was that of the arresting officer. The police obtained a warrant to search for narcotics in defendant's house and then proceeded to the house at about 10:00 p.m. About two minutes after they rang the bell a woman leaned out an upstairs window. The policeman announced their identity and purpose, to which the woman replied that "she was home alone and that her husband was in jail." She left the window and then the officer heard her voice and a male voice. The policemen waited approximately thirty seconds to one minute and then broke into the house. Inside they found the defendant and the defendant's wife as well as eleven bundles of heroin. The defendant was arrested and charged with possession of narcotics. At the suppression hearing, the judge granted the motion to suppress on the grounds that the officers had no intention of waiting for the door to be opened. The Commonwealth is appealing that decision.

The Commonwealth can appeal an order granting suppression of evidence if that order will result in a termination and conclusion of the prosecution or will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present all its available evidence. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). Since the defendant was charged with possession of narcotics, the suppression of the heroin must necessarily, at the very least, substantially handicap the Commonwealth's case.

The appellee contends that the Commonwealth has no right of appeal because a factual question is involved. The real issue before us, however, is the legal question of whether a lie of the sort described is an exigent circumstance warranting forcible entry. This is not a case like *Commonwealth v. Melton,* 402 Pa. 628, 630, 168 A. 2d 328, 329 (1961), involving an appeal from the grant of a new trial and which "involves primarily a factual question which lies peculiarly within the province of the trial court to resolve." Rather it is like *Bosurgi, supra,* in which there was the legal question of whether the police had reasonable grounds to believe that the defendant had committed a crime and therefore were justified in searching him. Since the police officer in the instant case was the only person testifying at the hearing, there is obviously no underlying factual question which was peculiarly within the province of a factfinder. Therefore, the Commonwealth has the right to appeal.

The reason for the rule limiting forcible entry is protection for the dignity and privacy of the occupants guaranteed by the Fourth Amendment. *See United States ex rel. Ametrane v. Gable,* 276 F. Supp. 555 (E.D. Pa. 1967), aff'd, 401 F. 2d 765 (3d Cir. 1968). This personal constitutional guarantee is subject to the public interest in permitting police with a search war-

rant to take necessary and prompt steps to avoid the destruction of evidence. If the police could reasonably deduce that evidence was being destroyed from the fact that the woman lied to them about being alone, then they were justified in breaking in immediately.

Comparable cases must be considered in the light of all the attendant circumstances. Forcible entry was held unjustified in *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A. 2d 159 (1971) (mere raising and lowering of a blind); and *United States ex rel. Manduchi v. Tracy,* 350 F. 2d 658 (3d Cir. 1965) (scuffling noise). Forcible entry was held justified in *Commonwealth v. Dial,* 445 Pa. 251, 285 A. 2d 125 (1971) (sound of running); *Commonwealth v. Johnson,* 223 Pa. Superior Ct. 83, 289 A. 2d 733 (1972) (slamming of door in officer's face); *Commonwealth v. McAleese,* 214 Pa. Superior Ct. 228, 252 A. 2d 380 (1969) (yell "It's the cops," and jumping up from gaming table); and *United States v. Singleton,* 439 F. 2d 381 (3d Cir. 1971) (commotion inside after one suspect looked out and said it was the police).

The cases which have held the police justified in their belief that evidence is being destroyed have involved narcotics or gambling implements which are easily destroyed. The police in this case were searching for narcotics, and, therefore, had reason to fear that the evidence would be destroyed. When the woman lied about being alone some two minutes after the police rang the bell, the officers could reasonably conclude that she was stalling for time in order to be able to destroy the narcotics. They were, therefore, justified in breaking into the house.

We cannot find any support in the record for the trial judge's conclusion that "the officers never intended to give the occupants an opportunity to open the door," nor would such a conclusion decide the case

since the police did not need to wait at all after they determined that the woman had lied to them. We need not consider whether thirty seconds to one minute was a reasonable time to wait since we find that the woman's lie justified the forcible entry.

Order of suppression reversed.