[3] *Cf. Commonwealth v. Franklin,* 172 Pa. Superior Ct. 152, 194, 92 A. 2d 272, 293 (1952).

## Commonwealth *v.* Jenkins, Appellant.

Argued November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Stephen N. Lipton,* with him *Wallace and Lipton,* for appellant.

*Francis Garger,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1972:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY PACKEL, J.:

Exigent circumstances permit immediate forcible entry by police to execute a search warrant, after they have announced their identity and purpose. *Commonwealth v. Pugh,* 223 Pa. Superior Ct. 112, 296 A. 2d 864 (1972). In the instant case, the police officers, dressed in regular street clothes, announced their identity but not their purpose. They forced their entrance when the defendant tried to shut the door. After their entrance into the home, they read the search warrant. They then found some marijuana.

The Commonwealth urges "that appellant's attempt to physically keep police out of her apartment by closing the door was such an exigent circumstance that it negated the requirement of announcement of purpose prior to entry." The appellant contends that the mere attempt to shut the door was not an exigent circumstance but was an ordinary assertion of the constitutional right to maintain the sanctity of the home against unjustified entry. It is acknowledged that there can be exigent circumstances which warrant forcible entry even though the police have not announced their purpose.

The specific issue is whether the attempt to close a door to the police does away with the constitutional re-

quirement of announcing the purpose of the entry. The mere opening of a door is not an invitation to enter and the closing of a door is nothing more than the assertion of the right to make use of a locked door to prevent entry. The constitutional right is equally applicable whether a door is wholly or partially closed. The ease with which the police could have complied with the Constitution is pointed out in *Commonwealth v. Newman,* 429 Pa. 441, 447, 240 A. 2d 795, 798 (1968), where the search was held unlawful: "Nor is it too much to expect of the officers to announce their purpose in demanding admission. As the United States Supreme Court pointed out in Miller v. United States, 357 U.S. 301, 309, 78 S. Ct. 1190 (1958) : 'The burden of making an express announcement is certainly slight. A few more words by the officers would have satisfied the requirement in this case.' " I note that in *Commonwealth v. Johnson,* 223 Pa. Superior Ct. 83, 289 A. 2d 733 (1972) the exigent circumstance of trying to shut the door justified the police officer in putting his foot in the door. In that case, however, the officer did announce his purpose before entering the premises.

The Commonwealth also attempts to justify the entry on the ground that the police believed that the appellant might easily destroy the evidence. The case presents no special facts which warrant an exception because of a belief that evidence was being destroyed. This case is not like *Commonwealth v. Pugh,* supra, where the police justifiably believed that the occupant lied about the presence of her husband; nor is it like *Commonwealth v. Dial,* 445 Pa. 251, 285 A. 2d 125 (1971), where the police, after announcing their purpose, heard the sound of running from inside the apartment. It is true that drugs might be destroyed easily, but that possibility of itself does not warrant a watering down of a constitutional safeguard. This is point-

ed out in *Commonwealth v. Newman,* supra, as follows (429 Pa. at 448, 240 A. 2d at 798) : "The fact that some lottery paraphernalia is easily destroyed does not justify the suspension of the Fourth Amendment in all lottery prosecutions. One of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape. See Elkins v. United States, 364 U.S. 206, 80 S. Ct. 1437 (1960). Something more than the officers' shout of 'police', combined with their belief that a lottery is being carried on, is necessary to suspend the vital safeguard of our liberty that the Fourth Amendment has proved to be."

The judgment of sentence should be reversed and a new trial granted.

HOFFMAN and SPAULDING, JJ., join in this dissenting opinion.