**COMMONWEALTH of Pennsylvania (on Behalf of DUBLIN BOROUGH), Appellant,**

**v.**

**Robert M. PELLEGRINO, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1998.

Decided May 8, 1998.

John Philip Diefenderfer, Quakertown, for appellant.

Stephen B. Harris, Warrington, for appellee.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

The Commonwealth of Pennsylvania, on behalf of Dublin Borough (Commonwealth), appeals from an order of the Court of Common Pleas of Bucks County that found Robert M. Pellegrino not guilty of violating a Borough ordinance that requires some residents to hook up to the municipal water system. The Commonwealth questions whether the ordinance is valid where it is effective only as to properties that are transferred or developed subsequent to its passage. Also before the Court is Pellegrino's motion to quash the appeal on the grounds that no appeal is permitted from a verdict of "not guilty" in a criminal case.

The Borough enacted Ordinance No. 164 in 1987. Section 1 provides:

WATER CONNECTIONS REQUIRED. After the date of this Ordinance, if the ownership of land is transferred, or if land is subdivided, or if there is a land development, or if there is the erection of a new primary use structure on the land, and if the property either abuts any street or alley in which there is a Borough water main or in which a Borough water main may be constructed, or if the property is within one hundred fifty (150) feet of such a main, then, and in that

event, all owners of such property shall make connection at their own expense to a Borough water line for the purpose of conducting water to such property. Any such property owner shall be given at least forty-five (45) days to comply with the requirement for connection of the property to the Borough water system. Upon failure of such owner to make such connection, the Borough may make the same and collect the cost thereof from the owner by a municipal claim or by an action of assumpsit.

Section 18 of the Ordinance provides in part:

VIOLATIONS, PENALTIES. [A]ny person who shall violate a provision of this Ordinance or shall fail to comply with any of the requirements thereof ... shall, upon conviction thereof, be liable to pay a fine or penalty of not more than Three Hundred Dollars ($300.00) for each offense and in default of payment due, undergo imprisonment for a term not exceeding ninety (90) days. Each day that a violation continues, shall be determined a separate offense.

Pellegrino purchased his property in June 1995; it contains a dwelling built in the 1880's, which obtains water from a well that existed long before the adoption of Ordinance No. 164. In November 1995 a Borough water line to which Pellegrino would be required to connect became available. The Borough sent Pellegrino notices in March and July of 1996 requiring him to connect, but he did not do so. The Borough issued a non-traffic citation against him in November 1996. Pellegrino was convicted by a district justice of violating Ordinance No. 164 on February 3, 1997 and was fined $300, and he appealed to the trial court.

At a hearing on April 11, 1997, the Borough called Borough Manager Thomas Supplee as a witness. At the close of the Borough's case, counsel for Pellegrino stated: "We have no evidence." N.T. at p. 21. The trial court had accepted memoranda from the parties, and the court heard oral argument. Pellegrino's memorandum contended that Ordinance No. 164, by requiring only those to whom property was transferred after its enactment to connect to the municipal water system, violated the mandate of Section 2462 of The Borough Code [1] that "[a]ll connections required shall be uniform" and violated the constitutional doctrine of equal protection of the laws. Later that day the trial court entered the following order: "AND NOW, this 11th day of April, 1997, the court, finds that Dublin Borough Ordinance No. 164 as applied to defendant is not uniformly administered as required by the Pennsylvania Boro [sic] Code, and therefore defendant is hereby found NOT GUILTY." The Borough filed a notice of appeal to this Court. Pellegrino filed a motion to quash the appeal on May 19, 1997.

■ The Court thus turns first to Pellegrino's motion to quash this appeal. Pellegrino notes that because Ordinance No. 164 provides for criminal sanctions of fines and possible imprisonment, proceedings to enforce it are criminal in nature.[2] Article I, § 10 of the Pennsylvania Constitution provides in part: "No person shall, for the same offense, be twice put in jeopardy of life and limb...." The Pennsylvania Constitutional protection against double jeopardy is coextensive with that provided in the Fifth Amendment to the United States Constitution, and it prohibits repeated prosecutions for the same offense. *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992). In general, a verdict of acquittal in a criminal proceeding cannot be reviewed without placing the defendant in double jeopardy. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).

Pellegrino argues that this case is governed by *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981). There a defendant landlord was found guilty of renting

---

1. Act of February 1, 1966, P.L. (1965) 1632, *as amended*, 53 P.S. § 47462.

2. Pa.R.Crim.P. 3 states that "CRIMINAL PROCEEDINGS include all actions for the enforcement of the Penal Laws" and that the "PENAL LAWS include all statutes and embodiments of the common law which establish, create, or define crimes and offenses, including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." *See also Town of McCandless v. Bellisario*, —— Pa. ——, 709 A.2d 379 (1998).

apartments in an inappropriate zoning district, in a basement and without the required certificate of occupancy, in violation of various borough ordinance provisions. Following a hearing on the defendant's appeal to the court of common pleas, the court in an opinion summarized the testimony of the borough's witnesses and the ordinance provisions involved and concluded that the offense of "renting" was not set forth in those sections. The trial court's order stated that, in consideration of the hearing transcript and briefs, the court found the defendant not guilty. On appeal, this Court reversed.

On further appeal, the Supreme Court reversed and reinstated the verdict of not guilty. The Supreme Court first determined that the proceedings were criminal in nature. It acknowledged that the Commonwealth may appeal from an adverse ruling in a criminal case in certain limited circumstances where the question involved is purely one of law, such as where an indictment has been quashed or judgment arrested after a verdict of guilty or where the defendant's demurrer to the Commonwealth's evidence has been sustained, citing *Commonwealth v. Melton*, 402 Pa. 628, 168 A.2d 328 (1961). The Supreme Court emphasized, however, that the principle that the prosecution may not appeal a verdict of not guilty is such a fundamental precept of double jeopardy jurisprudence that it has been extended to situations where an acquittal is based upon an egregiously erroneous foundation or where a court sustains a demurrer to the prosecution's evidence but erroneously enters a judgment of not guilty or where a trial court purports to grant a demurrer but actually renders a silent, de facto judgment of acquittal. The Supreme Court held that, even if the trial court erred in holding that "renting" was not an offense set forth in the ordinance sections involved, "the verdict of 'not guilty', following hearing de novo and consideration of the transcripts and briefs of counsel, was an

acquittal and operates to bar the Borough's appeal." *Borough of West Chester*, 493 Pa. at 393, 426 A.2d at 605–606.

■ In its answer to Pellegrino's motion to quash, the Borough asserted that the matter was decided as on a demurrer on the issue of uniformity under Section 2462 of The Borough Code and that the case was believed to be appealable under the exception to double jeopardy stated in *Commonwealth v. Pugh*, 223 Pa.Super. 112, 296 A.2d 864 (1972).[3] The Court notes, however, that *Pugh* was an appeal from an interlocutory order of a trial court granting suppression of evidence, under the principle that the Commonwealth may appeal such an order if it will result in a termination and conclusion of the prosecution or will result in a prosecution in which the Commonwealth is substantially handicapped. *Pugh* therefore has no application to a case involving a judgment of not guilty following completion of a trial.

Pellegrino asserts that he did not ask for a demurrer; rather, he rested at the conclusion of the Borough's case and argued that he was not guilty on the facts presented. Further, he contends that the trial court's decision was based upon a mixed determination of fact and law, in that the trial court concluded that Ordinance No. 164 as applied to Pellegrino was not uniformly administered. In support Pellegrino refers to testimony at the hearing indicating that in certain areas of the Borough where there is pollution of the ground water, all residents are required to connect to the municipal water system, whereas in other areas only transferees after 1987 must do so.

This Court concludes that *Borough of West Chester* and other precedents require that the appeal of the Commonwealth be quashed. The Supreme Court in *Borough of West Chester* referred with approval to *Commonwealth v. Kerr*, 150 Pa.Super. 598, 29 A.2d

---

3. This Court issued an order on June 13, 1997 denying Pellegrino's motion to quash the appeal. The Commonwealth's brief of appellant was filed on August 25, 1997, before a per curiam order of this Court entered on September 22, 1997 that vacated the order denying the motion to quash. The Commonwealth's brief therefore did not address the issue of quashing of the appeal. Never-

theless, Pellegrino's brief, filed October 6, 1997, raised and argued the issue of quashing, but the Commonwealth did not avail itself of the opportunity afforded under Pa.R.A.P. 2113 to file a reply brief to matters raised in an appellee's brief that were not previously raised in the appellant's brief.

340 (1942), where a defendant on a charge of failure to support a child born out of lawful wedlock raised a demurrer at the close of the Commonwealth's case, and the trial court sustained the demurrer and directed the jury to return a verdict of not guilty. The Superior Court determined in *Kerr* that the trial court, after sustaining the demurrer on the admitted facts, should have discharged the defendant without further involvement of the jury and that such an order could have been appealed. Although the trial court followed an incorrect procedure, the result was a verdict of not guilty and a judgment of acquittal, from which the Commonwealth could not appeal.

The Supreme Court in *Borough of West Chester* noted that *Kerr* had been cited with approval in *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963). There defendants charged with violating a statute prohibiting sales of certain personal property on Sunday stipulated to all of the material facts. The trial court sustained the defendants' demurrers but entered orders adjudging the defendants not guilty. The Supreme Court quashed the Commonwealth's appeals, relying upon the principle that the Commonwealth is precluded from appeal from a judgment of acquittal, whether the result is due to an error committed by the trial court or a perverse finding of the jury, citing *Kerr* and *Commonwealth v. Heiland,* 110 Pa.Super. 188, 167 A. 439 (1933), among others.

The appealability of an order sustaining a demurrer in a criminal case was clarified in *Smalis v. Commonwealth,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). There the United States Supreme Court unanimously reversed the Pennsylvania Supreme Court and held that an order sustaining a defendant's demurrer at the close of the prosecution's evidence does not constitute a dismissal on grounds unrelated to factual guilt or innocence but rather is an "acquittal" that precludes an appeal under double jeopardy principles. Thus even if Pellegrino's declining to present evidence and resting his case were

regarded as in the nature of a demurrer, the trial court's determination of "not guilty" precludes an appeal. Therefore, in this Court's view, *Borough of West Chester, Haines* and *Smalis* compel the conclusion that the Commonwealth may not appeal from the trial court's order determining that Pellegrino was not guilty of violating Borough Ordinance No. 164. Accordingly, Pellegrino's motion to quash the appeal is granted.[4]

### *ORDER*

AND NOW, this 8th day of May, 1998, the motion of Robert M. Pellegrino to quash the appeal of the Commonwealth on behalf of Dublin Borough is granted, and the appeal is quashed.

---

4. In view of the Commonwealth's colorable, if unsuccessful, argument that the trial court's order was based upon a pure determination of law and was therefore appealable, and the lack of a showing that the appeal was frivolous or taken solely for delay or that the conduct of the Commonwealth was dilatory, obdurate or vexatious, the Court denies Pellegrino's request for an award of counsel fees. Pa.R.A.P. 2744.