Commonwealth, Appellant, *v.* Melton.

Argued January 3, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Arlen Specter,* Assistant District Attorney, with him *William H. Wolf, Jr.* and *Robert W. Williams, Jr.,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellant.

*James Francis McCort,* with him *Thomas Francis Burns,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 13, 1961:

The defendant was found guilty of murder in the first degree by a jury's verdict which fixed the pen-

alty at death. The court en banc granted the defendant's motion for a new trial on the ground that the aggregate of untoward events happening at trial, including emotional outbursts by the bereaved husband of the homicide victim, the introduction in evidence of bloody color slides and the fact that the jury was drawn from a panel which had previously heard the defendant plead guilty before a three-judge court, "created such an inflammatory atmosphere that the jury's determination may well have been based upon other than the substantive factual evidence introduced." The Commonwealth has appealed and asks us to reverse the order granting the defendant a new trial and to direct that judgment of sentence be entered on the jury's verdict.

The most important question of law involved is as to the Commonwealth's right to appeal in the circumstances. It is only where the question involved is purely one of law that the Commonwealth may appeal from an adverse ruling in a criminal case, for example, where a new trial is granted to a convicted defendant on the sole ground that the introduction of certain evidence at his trial was prejudicial error (*Commonwealth v. Antonini*, 165 Pa. Superior Ct. 501, 69 A. 2d 436); or where an indictment has been quashed or judgment arrested after verdict of guilty (*Commonwealth v. Wallace*, 114 Pa. 405, 411, 6 Atl. 685); or where the defendant's demurrer to the Commonwealth's evidence has been sustained (*Commonwealth v. Thomas*, 382 Pa. 639, 117 A. 2d 204, overruled on other grounds in *Commonwealth v. Redline*, 391 Pa. 486, 508-509, 137 A. 2d 472). Where, however, the reason for the action of the trial court, whereof the Commonwealth complains, is based upon an admixture of law and fact, the Commonwealth is without any right of appeal therefrom: *Commonwealth v. Hartman*, 383 Pa. 461, 462-463, 119 A. 2d

211; *Commonwealth v. Dolan*, 155 Pa. Superior Ct. 453, 455, 38 A. 2d 497.

How an appellate court, with only an inanimate record in cold print before it, could possibly be expected to sense, gauge, and justly appraise the atmosphere prevailing in the court below at the time of trial and thereupon competently determine whether or not attending circumstances at trial were prejudicially inflammatory, it is impossible to perceive. Obviously such an inquiry involves primarily a factual question which lies peculiarly within the province of the trial court to resolve. From that court's conclusion based, as it necessarily is, on fact as well as law, no right of appeal exists in the Commonwealth.

Appeal dismissed at the cost of the Commonwealth.