Commonwealth, Appellant, *v.* Haines.

Argued March 19, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin Lubow,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellant.

*William H. Eckert,* with him *Milton W. Lamproplos, Leonard Shapiro, Barton Z. Cowan,* and *Eckert, Seamans & Cherin,* for appellees.

OPINION BY MR. JUSTICE EAGEN, April 16, 1963:

The defendant-appellees were arrested and charged with violations of The Penal Code, Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4699.15, prohibiting the sale of certain personal property on Sunday. After hearings before a justice of the peace, the defendants were found guilty and sentenced to pay fines. Appeals were allowed to the County Court of Allegheny County. The cases were then heard by a judge of that court without a jury. After hearing the testimony of several Commonwealth witnesses, counsel agreed to stipulate all of the facts deemed material. Subsequently, the court entered orders in each case *adjudging the defendants "not guilty."* The Commonwealth appeals.

It is our conclusion that the Commonwealth has no right to appeal from the judgments below. Hence, the issues raised concerning the construction and constitutionality of the statute involved need not be discussed or considered.

The Court very recently in *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961), decided and explained under what circumstances the Commonwealth may appeal from an adverse ruling in a criminal case. None of the situations defined therein, wherein such an appeal is proper, are present here. In the cases at bar, the defendants were found "not guilty." From

such a judgment, an appeal does not lie. *Commonwealth v. Benson,* 94 Pa. Superior Ct. 10 (1928); *Commonwealth v. Heiland,* 110 Pa. Superior Ct. 188, 167 A. 439 (1933); *Commonwealth v. Obenreder,* 144 Pa. Superior Ct. 253, 19 A. 2d 497 (1941); *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 29 A. 2d 340 (1942); *State v. Solomons,* 27 Am. Dec. 469, 471-480.

As stated by President Judge KELLER in *Commonwealth v. Obenreder,* supra, at 254-255: "It is well settled in this State that the Commonwealth cannot appeal from a judgment of acquittal in criminal prosecutions, except in cases of nuisance, forcible entry and detainer, and forcible detainer . . . . And this is so whether the prosecution be by indictment . . . or by summary proceeding . . . . And, if the former, it does not matter whether the verdict be rendered by the jury of its own accord or by direction of the court . . . . Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment, or an arrest of judgment following a verdict of guilty, or a judgment sustaining a demurrer to the evidence, which raise only questions of law *and do not result in a verdict of not guilty or judgment of acquittal,*[1] and accordingly in those cases, the Commonwealth may appeal." This rule was reiterated by Judge (now President Judge) RHODES in *Commonwealth v. Kerr,* supra, wherein at 602, he said: "[T]he result of the verdict of not guilty is that the Commonwealth is precluded from appealing from the judgment of acquittal." As pointed out in *Commonwealth v. Heiland,* supra, at 189: "The rule is the same whether the result is an error committed by the trial court or a perverse finding of the jury." Even in a case wherein the court below sustains the defendant's demurrer to the Commonwealth's evidence and in addition erroneously enters a judgment

---

[1] Emphasis supplied.

of not guilty, the Commonwealth may not appeal. *Commonwealth v. Kerr,* supra.

It is the position of the Commonwealth that since the facts were agreed upon and stipulated, that the court's judgment was based entirely upon a construction of the statute and hence involves a pure question of law giving the Commonwealth the right to appeal. Many decisions are against this position.

In *Commonwealth v. Preston,* 92 Pa. Superior Ct. 159 (1927), the defendant was charged with violating the Child Labor Act. On appeal from a conviction before an alderman, the case was tried below before a judge without a jury on an *agreed statement of facts* and the decision of the court was based solely on a construction of the relevant statute. From a judgment of "not guilty," the Commonwealth appealed. The Superior Court at 162, said: "The correctness of the construction of the statute by the Court below may involve an important question, but the more important the question the stronger the reason for withholding an expression of an opinion upon it until it arises in a real dispute, where the appellate court has jurisdiction of an appeal by a defendant alleging that he has been improperly convicted. When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration. *The defendant having been adjudged not guilty by the court which had jurisdiction to try him, we are without authority, in the circumstances here presented, to reverse that judgment and order a new trial."* (Emphasis added).

In *Commonwealth v. Hollinger,* 170 Pa. Superior Ct. 180, 84 A. 2d 794 (1951), the defendant was charged with a violation of a regulation of the Milk Control Commission. On appeal, the issue was tried *on stipulated facts* and the defendant found not

guilty. The Superior Court again ruled that the Commonwealth had no right to appeal.

In *Commonwealth v. Lodge No. 148, L.O.O.M.*, 188 Pa. Superior Ct. 531, 149 A. 2d 565 (1959), the defendants were charged with operating a public eating place without first obtaining a license. The issue was tried before the court below *upon an agreed stipulation of facts.* The defendants were found not guilty because the court ruled that they were not operating a "public eating place" *as that term is defined in the statute.* The Superior Court reaffirmed the rule that the Commonwealth had no right to appeal.

It is, therefore, clear to us that the appeals herein are without authority in law.

Appeals quashed. Costs upon the Commonwealth.

Mr. Chief Justice BELL concurs in the result.