Commonwealth, Appellant, *v.* Irish, et al.

Submitted April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Jon C. Botula,* for appellees.

Opinion by Van der Voort, J., February 2, 1976:

This is an appeal by the Commonwealth from an Order of the lower court sustaining appellees' demurrers, which were offered at the conclusion of the Commonwealth's case in chief. The charges against appellees alleged their participation in the maintenance of an unlawful numbers operation and possession of numbers slips.

The Commonwealth clearly has the right to appeal the lower court's action in sustaining the demurrers, which purely involves a question of law. *Commonwealth v. Bey,* 221 Pa. Superior Ct. 405, 292 A.2d 519 (1972) ; *Commonwealth v. Harris,* 220 Pa. Superior Ct. 102, 283 A.2d 728 (1971). Simply stated, the reviewing court, in these circumstances, must determine whether the evidence presented by the Commonwealth, and all inferences to be reasonably deduced therefrom, would be sufficient to sustain a guilty verdict. *Commonwealth v. Bey, supra; Commonwealth v. Mummert,* 183 Pa. Superior Ct. 638, 133 A.2d 301 (1957). We believe, after reviewing the Commonwealth's evidence by that standard, that the demurrers were improperly sustained.

The record shows that officers obtained a valid search warrant for a residence believed to contain a telephone lottery or numbers operation. An informant had supplied the police with information to support the search warrant application. *Inter alia,* the informant advised police that when the residence was called, female voices would answer to complete the gambling transaction.

When the officers attempted to execute the warrant at the residence, appellee Faye Irish attempted to prevent entry by holding the door closed; simultaneously she shouted a warning that police were at the premises. Specifically, Irish repeatedly yelled: "Bobby, Bobby, police, police". An officer forced his way into the home and ascended to the second floor. He saw obvious num-

bers paraphernalia[1] in one bedroom, and upon his approach, viewed appellee Roberta Fiore trying to crawl into a closet. After the first officer's entry into the home, appellee Irish had locked the front door in attempts to preclude the entry of other officers; she now again attempted to obstruct the first officer from entering the bedroom in which the lottery paraphernalia existed and in which Fiore was apparently trying to hide. The appellees were the only persons in the residence at the time.[2]

After entering the bedroom in question, officers found a purse belonging to appellee Fiore next to one of the tables and appellee Irish's purse at the other table. The latter purse contained numbers slips and money. Secreted elsewhere in the room was more gambling paraphernalia and two thousand dollars in one hundred dollar bills. While they were in the room, the officers answered the telephone and heard calls for numbers bets. In the opinion of an officer who testified, based upon his considerable experience in enforcement of gambling laws, the operation at the residence constituted a numbers "bank." Moreover, the defense stipulated that it constituted a lottery operation.[3]

As previously stated, the appellees were charged with participation in the maintenance of a lottery or numbers operation and possession of numbers tickets. In view of the obvious numbers operation in progress in the bedroom and the appellees' presence and total conduct when

---

1. This included two tables, each holding "master sheets", pens, pencils, telephones and numbers slips and books. A special radio capable of monitoring all police calls was situated nearby.

2. We find it reasonable to infer that in shouting a warning to "Bobby" that police had arrived, appellee Irish was calling to appellee Fiore, whose first name is Roberta.

3. The owner of the residence entered guilty pleas to various gambling charges.

police arrived, especially in the room which housed the numbers operation, we believe it was erroneous to sustain the appellees' demurrer to the two gambling counts. See the Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa. C. S. §5512; *Commonwealth v. Polite,* 190 Pa. Superior Ct. 329, 154 A.2d 287 (1959); *Commonwealth v. Gregory,* 183 Pa. Superior Ct. 53, 127 A.2d 788 (1957); *Commonwealth v. Wade,* 156 Pa. Superior Ct. 88, 39 A.2d 460 (1944).

Reversed and remanded for new trial.