397 A.2d 5

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald R. THINNES, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided Jan. 18, 1979.

Virginia I. Cook, Assistant City Solicitor, Pittsburgh, for Commonwealth, appellant.

James G. Dunn, Pittsburgh, for appellee.

Albert J. Zangrilli, Jr., Pittsburgh, for amicus curiae University of Pittsburgh.

Before CERCONE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

On May 13, 1977, at or about 5:00 o'clock, A.M., Sgt. James F. McCullough and Officer James H. Fitch, both employed as policemen by the University of Pittsburgh, stopped for coffee at a White Tower Restaurant on North Craig Street in the City of Pittsburgh. The restaurant, a private commercial enterprise, was located directly across the street from the University of Pittsburgh's Urban Research Building. While the campus policemen were drinking coffee, Donald R. Thinnes, the appellee, entered. He was intoxicated, became loud, and verbally abused a waitress. When McCullough told him to leave or be arrested, appellee directed his verbal abuse at McCullough. An effort by McCullough to evict Thinnes resulted in a scuffle. Fitch came to McCullough's assistance, however, and Thinnes was subdued. He was then arrested and charged with aggravated assault on a police officer, resisting arrest, and disorderly conduct.

A hearing was held before a magistrate in Allegheny County, and Thinnes was found guilty of disorderly conduct, a summary offense. The assault and resisting arrest charges, however, were dismissed. Thinnes appealed his summary conviction to the Court of Common Pleas of Allegheny County, where he received a hearing de novo. At the close of the Commonwealth's case, defendant offered a demurrer to the evidence. The basis for the demurrer was the alleged lack of authority of campus policemen to make an off-campus arrest. The trial judge said: "I am going to sustain the demurrer in this case. I find that this governs the case, that is 71 Purdon's 646 takes precedence over title

22, and I will decide it on that ground."[1] The order which the court entered, however, adjudged the defendant "Not Guilty of the Offense of Disorderly Conduct."

Appellee contends that the Commonwealth cannot appeal from a not guilty verdict. We agree and will dismiss the appeal.

It is well settled that the Commonwealth may not appeal from a verdict of "Not Guilty" entered by the trial court in a criminal prosecution, and this is so whether the prosecution be by indictment or by summary proceeding. *Commonwealth v. Ray*, 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Haines*, 410 Pa. 601, 190 A.2d 118 (1963); *Commonwealth v. Ferrone*, 218 Pa.Super. 330, 280 A.2d 415 (1971); *Commonwealth v. Lodge No. 148, L. O. O. M.*, 188 Pa.Super. 531, 149 A.2d 565 (1959). A verdict or judgment of acquittal, of course, must be distinguished from an order sustaining a defense demurrer to the evidence. *Commonwealth v. Haines*, supra; *Commonwealth v. Obenreder*, 144 Pa.Super. 253, 19 A.2d 497 (1941). From such an order the

---

1. The trial court's reference to 71 Purdon's 646 was to the Act of September 28, 1965, P.L. 553, § 4, as amended, 71 P.S. § 646, which identifies the powers and duties of "Capitol Police, Commonwealth Property Police and the Security or Campus Police of all State colleges and universities and State aided or related colleges and universities." This section provides, inter alia, that "Security and Campus Police shall exercise their powers and perform their duties only on the premises of the State colleges and universities and State aided or related colleges and universities by or for which they are employed . . ."

When the court referred to Tile 22, it contemplated the Nonprofit Corporation Law of May 5, 1933, P.L. 289, § 310, 15 P.S. § 7310, as re-enacted by the Act of November 15, 1972, P.L. 1063, No. 271, § 501, 22 Pa.C.S.A. § 501. This section provides: "Any nonprofit corporation . . . maintaining . . . any buildings or grounds open to the public . . . may apply to the court of common pleas . . . for the appointment of such persons as the corporation may designate to act as policemen for the corporation." It was under the authority contained in the Nonprofit Corporation Law that the Court of Common Pleas of Allegheny County had approved the appointment of McCullough (1971) and Fitch (1975) as policemen for the University of Pittsburgh. Their statutory powers included "all the powers of a police officer in this Commonwealth, in and upon, and in the immediate and adjacent vicinity of, the property of the corporation. . . ."

Commonwealth may appeal. *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569 (1976); *Commonwealth v. Irish*, 238 Pa.Super. 415, 357 A.2d 657 (1976). However, where the trial court "sustains the defendant's demurrer to the Commonwealth's evidence and in addition erroneously enters a judgment of not guilty, the Commonwealth may not appeal." *Commonwealth v. Haines*, supra, 410 Pa. at pages 603–604, 190 A.2d at page 119.

In *Commonwealth v. Kerr*, 150 Pa.Super. 598, 29 A.2d 340 (1942), the trial court sustained a defense demurrer to the evidence. It then erroneously directed the jury to return a verdict of not guilty. Such a verdict followed. This Court held that while the procedure was incorrect, the result was a judgment of acquittal from which the Commonwealth was precluded from appealing. "The rule is the same," the Court said 150 Pa.Super. at page 602, 29 A.2d at page 342, "whether the result is an error committed by the trial court or a perverse finding of the jury." See also: *Commonwealth v. Miller*, 150 Pa.Super. 604, 29 A.2d 343 (1942).

In *Commonwealth v. Ray*, supra, the defendant-appellee had been charged, inter alia, with possessing an unlicensed weapon in violation of an ordinance of the City of Philadelphia. The following colloquy occurred between the prosecuting attorney and the trial judge:

" 'The Court: Do you want a ruling on that one?

'Mr. Cox: Yes, sir.

'The Court: I rule that the City ordinance is unconstitutional.

The ordinance is a violation of the Federal Constitution: "The right of the people to bear arms shall not be infringed."

I don't like guns any more than you do.

Is there anything further on this particular bill of indictment?

'Mr. Cox: Beyond the offer of proof on the statement, no Your Honor, no.

'The Court: The verdict is not guilty.' "

The Supreme Court quashed a Commonwealth appeal. The Court at the outset recognized the Commonwealth's right of appeal in certain instances where a trial court's order involves a pure question of law which in effect terminates the action. Having recognized this limited right of appeal, the Court concluded 448 Pa. at page 312, 292 A.2d at page 413, "[W]here, as here, the trial court does not agree with the Commonwealth's position on a question of constitutionality or statutory construction, in order to preserve its right to appeal the Commonwealth must insure the entry of an appropriate final order. See and compare, *Commonwealth v. Lodge No. 148, L. O. O. M.*, supra; and *Commonwealth v. Arnold*, 215 Pa.Super. 444, 258 A.2d 885 (1969)."

A careful analysis of this Court's opinion in *Commonwealth v. Davis*, 247 Pa.Super. 450, 372 A.2d 912 (1977), discloses that it involved a peculiar fact pattern and has not altered the rule that the Commonwealth cannot appeal from a not guilty finding. In *Davis* the lower court had sustained a *pre-trial plea* of autrefois acquit and had stated: " '[T]his case is dismissed; we'll find him not guilty on this charge.' " The charge had been disposed of on the docket, however, without any reference to a not guilty finding. Moreover, the trial court's pre-trial dismissal was not only determined solely on an issue of law but, in fact, had precluded the Commonwealth from presenting evidence on the merits. In the absence of evidence, this Court held, there could not be an adjudication of not guilty. Because the pre-trial order involved a pure question of law and effectively terminated the action, the Commonwealth was permitted to appeal.

It may be in the instant case that the trial judge's decision turned on an issue of law. It may also be that he intended to sustain the demurrer and dismiss the criminal complaint. In fact, however, he adjudicated the defendant not guilty. It is this adjudication which one finds when he examines the record. From such an adjudication the Commonwealth has no right of appeal.

Because the Commonwealth's appeal must be dismissed, we do not consider and do not decide the authority of

private policemen employed by the University of Pittsburgh to make off-campus arrests. Neither do we consider or decide whether the unlawfulness of appellee's arrest, if such was the case, precluded a conviction on a summary criminal charge of disorderly conduct.

Appeal dismissed.