426 A.2d 603

**BOROUGH OF WEST CHESTER, Appellee,**

v.

**Amrit LAL, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 29, 1981.

Decided March 13, 1981.

388

Paul L. Bartholomew, III, Chadds Ford, for appellant.

Ross A. Unruh, Kennett, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On September 30, 1975, the Borough of West Chester, appellee, swore out a private criminal complaint against Dr. Amrit Lal, charging him with:

Renting an apartment(s) which is not a permitted use in an R–3 Zoning District (West Chester Code § 112–13 et seq.). Renting an apartment(s) for living purposes, in a cellar, which is not permitted (West Chester Code § 112–8). Renting the apartment(s) without having obtained a certificate of occupancy required by the Zoning Ordinance (West Chester Code § 112–54 et seq.) or a building permit required by the Building Code (BOCA Basic Building Code § 113.1).

A summary hearing was held before a district justice on November 7, 1975, at which appellant was found guilty of the charges, fined $900.00 plus costs, and sentenced to 30 days imprisonment.

Appellant filed a notice of appeal from summary conviction and a trial de novo was held on January 28, 1976 before the Honorable Thomas A. Pitt, Jr. of the Court of Common Pleas of Chester County. In an opinion filed on May 18, 1976, that court summarized the testimony of the seven witnesses presented by Borough solicitors, reviewed the sections of the various municipal ordinances which appellant had allegedly violated, reasoned that an offense of "renting" was not set forth in those sections, and concluded that the summary charges gave insufficient notice of the offenses alleged. The court then entered the following order:

AND NOW, to wit, this eighteenth day of May 1976, following hearing de novo, consideration of the hearing transcript and of briefs of counsel, and, for the reasons hereinabove stated, we find the defendant not guilty.

The Borough then appealed this determination to the Commonwealth Court, re-captioning the case to read "Borough of West Chester v. Amrit Lal".[1] The Commonwealth Court disagreed with the court below as to the characterization of the offenses with which appellant was charged, holding that the ordinances cited did prohibit "renting an apartment" and that appellant had sufficient notice of those offenses. The Commonwealth Court then proceeded to evaluate the evidence in the record, made a factual determination that appellant had "rented" an apartment in violation of the ordinances, reversed the determination of the lower court, and "remanded for the entering of an appropriate verdict."

Pursuant to the Commonwealth Court order, the court of common pleas on June 22, 1978 entered a verdict of guilty and directed appellant to appear for imposition of sentence. We granted appellant's petition for allowance of appeal from the order of the Commonwealth Court.[2]

■ Appellant argues that the order of the Commonwealth Court impermissibly subjects him to double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and of Article I, § 10 of the Pennsylvania Constitution. We agree.[3]

■ Essentially, appellant's double jeopardy argument is that the summary proceedings in this case are criminal in nature and that, therefore, the "not guilty" verdict entered

1. In the Court of Common Pleas, the case had been captioned "Commonwealth of Pennsylvania v. Amrit Lal."

2. The June 22nd order of the court of common pleas has been stayed pending disposition of this appeal.

3. Appellant initially argues that the Commonwealth Court had no jurisdiction to consider this case as it is (as will be discussed *infra*) a criminal proceeding. However, appellant voiced no objection to the jurisdiction of the Commonwealth Court when he was before that court. Hence, the jurisdiction of the Commonwealth Court was perfected by his failure to object, by virtue of the then-in-effect Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.503(a), replaced by section 704(a) of the Judicial Code, 42 Pa.C.S. § 704(a).

by the trial court bars further proceedings. The Borough disputes both facets of this syllogism, maintaining that the lower court proceedings were civil, and that the "not guilty" verdict was not truly a judgment of acquittal on the merits but was, rather, a ruling tantamount to an appealable "dismissal of the Complaint on technical, legal grounds."[4] The Borough is wrong on both counts.

The Pennsylvania Rules of Criminal Procedure define "criminal proceedings" as including "all actions for the enforcement of the Penal Laws." Pa.R.Crim.Pro. 3(g). The penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa.R.Crim.Pro. 3(*l*). An ordinance is a "legislative enactment of a political subdivision." Pa.R.Crim.Pro. 3(k). These definitions (which were in effect in 1976) remove any doubt as to the nature of the instant proceedings—they are criminal proceedings.

The West Chester Code, § 112–57(c), provides:

> Any person who shall be convicted of a violation of any of the provisions of this chapter before any District Magistrate shall be sentenced to pay a fine of not more than three hundred dollars ($300.00), together with costs of prosecution, or to imprisonment in the county jail for a term not to exceed thirty (30) days, or both. Each day that a violation is permitted to exist shall constitute a separate offense.

Pursuant to this provision, the district magistrate found appellant guilty of three violations (hence the fines totalled $900.00) and sentenced him to 30 days imprisonment in the Chester County Farms Prison. Moreover, the Borough filed

---

**4.** "It is only where the question involved is *purely one of law* that the Commonwealth may appeal from an adverse ruling in a criminal case, for example ... where an indictment has been quashed or judgment arrested after verdict of guilty ... or where the defendant's demurrer to the Commonwealth's evidence has been sustained...." *Commonwealth v. Melton*, 402 Pa. 628, 629, 168 A.2d 328, 329 (1961) (citations omitted).

a private criminal complaint to initiate the proceedings which were originally captioned "Commonwealth of Pennsylvania v. Amrit Lal." *See* note 1, *supra*. It is clear these proceedings were designed to enforce the penal laws of the Borough, as those terms are defined by the Rules of Criminal Procedure, and that this action was, therefore, a criminal proceeding.[5]

Since the trial court's determination was a criminal proceeding, a verdict of acquittal cannot be reviewed without placing the defendant twice in jeopardy in violation of the constitutional proscriptions. *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978); *Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193, 1195 (1980). "The [prosecution] may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding." *Commonwealth v. Ray*, 448 Pa. 307, 311, 292 A.2d 410, 411 (1972). This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an "egregiously erroneous foundation," *Sanabria v. United States, supra* 437 U.S. at 64, 98 S.Ct. at 2178, citing *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), to situations where a court sustains a defendant's demurrer to the prosecution's evidence (an ordinarily appealable order, *see* note 4 *supra* ) but in addition erroneously enters a judgment of not guilty,

5. A 1977 amendment to the Rules of Criminal Procedure is in accord with this ruling, and even though not applicable to the case at bar, supports our holding. Rule 67 Appeals from Summary Convictions, provides: "(a) After conviction by an issuing authority in any summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment ... a defendant may appeal to the court of common pleas...." The comments to the rule state: "The 1977 amendment makes clear that the rule applies to appeals from summary convictions in prosecutions for violations of municipal ordinances which provide for the possibility of imprisonment. The Rules of Criminal Procedure are applicable generally to these proceedings. *See, e. g.*, Rules 3(k) and (f)...." *See Lower Merion Township v. Schenk*, 247 Pa.Super. 494, 372 A.2d 934 (1977).

*Commonwealth v. Kerr,* 150 Pa.Super. 598, 29 A.2d 340 (1942), cited with approval in *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963), and where the trial court purports to grant a demurrer but actually renders a *de facto,* but silent, judgment of acquittal, *Commonwealth v. Wimberly, supra.*

In this case, even if the lower court erred in holding that "renting" was not an offense contained in the cited sections of the municipal codes,[6] the verdict of "not guilty", following hearing de novo and consideration of the transcripts and briefs of counsel, was an acquittal and operates to bar the Borough's appeal. *See Sanabria v. United States, supra* 437 U.S. at 71, 98 S.Ct. at 2182 (acquittal defined as "a resolution, correct or not, of some or all of the factual elements of the offense charged.").

■ Finally, we disagree with the Borough's contention that appellant has waived his double jeopardy claim because he did not raise it before the Commonwealth Court. Appellant acted *pro se* as an appellee before that court, submitting his own brief which simply responded to each of the issues raised in the Borough's brief. While appellant could have filed a motion to quash the Commonwealth Court appeal on double jeopardy grounds, we are unwilling to hold that his failure to do so constitutes a knowing and intelligent waiver of his double jeopardy claim.

In *Commonwealth v. Lee,* 490 Pa. 346, 416 A.2d 503 (1980), a mistrial had been granted in appellant's first trial. Prior to the second trial, appellant brought a motion to dismiss on double jeopardy grounds which motion was denied. Despite an immediate right to appeal that denial under *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977), the appellant proceeded to trial and challenged the double jeopardy ruling in his post-verdict motions. Despite the Commonwealth's argument that the failure to raise the double

**6.** We express no opinion on this ruling.

jeopardy claim at the earliest opportunity constituted a waiver, we declined to consider the claim waived, and disposed of it on the merits. So too in the instant case, appellant did not waive his double jeopardy claim by failing to advance it to the Commonwealth Court.

For the foregoing reasons, we reverse the order of the Commonwealth Court and reinstate the verdict of the Court of Common Pleas of Chester County.

ROBERTS, J., files a concurring opinion.

NIX, J., concurs in the result.

ROBERTS, Justice, concurring.

I join that portion of the majority opinion which holds that the Borough of West Chester may not appeal from a verdict of not guilty. In our system of jurisprudence there is no right of appeal from a not guilty verdict. Such a verdict is final and conclusive. See *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978) ("[t]o permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty' "); *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978) ("when a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous"). The Borough could not pursue an appeal, and no appellate court of this Commonwealth could have subject-matter jurisdiction. Thus the Borough's "appeal" should have been quashed *sua sponte* by the Commonwealth Court. For this reason, whether appellant waived his claim of double jeopardy is not an issue, and the majority's discussion of waiver is unnecessary.