457 A.2d 1278

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Linda DINCEL, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1982.

Filed March 11, 1983.

Petition for Allowance of Appeal Granted July 13, 1983.

472

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Neil E. Jokelson, Philadelphia, for appellee.

Before CERCONE, President Judge, and SPAETH, CAVANAUGH, WICKERSHAM, BROSKY, BECK and JOHNSON, JJ.

CERCONE, President Judge:

Linda Dincel, appellee, was convicted in the Municipal Court of Philadelphia of Involuntary Manslaughter and of Driving Under the Influence of Alcohol.[1] She was sentenced to five years probation on the Involuntary Manslaughter conviction with the condition that she pay the

1. Pa.C.S.A. § 2504; 75 Pa.C.S. § 3731.

family of Charles Murray their funeral and interment expenses. On the Driving Under the Influence conviction, she was sentenced to undergo from three to twenty-three months of incarceration, to be served on weekends. Shortly thereafter, Dincel filed a petition for a writ of certiorari with the Court of Common Pleas of Philadelphia County. She prayed that the Common Pleas Court "reverse her conviction and discharge her from all liabilities on the above charges." The Hon. Charles Mirarchi sustained the Municipal Court's judgment of sentence as to Involuntary Manslaughter, but reversed the judgment of sentence as to the Driving under the Influence; however, the court noted an adjudication of "not guilty" on its order pertaining to the dismissal of the Driving Under the Influence charge.

Dincel appealed her conviction for involuntary manslaughter and the Commonwealth appealed from the Common Pleas Court reversal of her conviction for Driving Under the Influence. The appeals were consolidated. In an opinion filed on February 5, 1982, by a panel of our court, Dincel's conviction for involuntary manslaughter was affirmed and the appeal of the Commonwealth was quashed under the principle that "the Commonwealth may not appeal from a verdict of 'not guilty' in a criminal prosecution." *Commonwealth v. Thinnes,* 263 Pa. Superior Ct. 79, 397 A.2d 5 (1979); *Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Burton,* 292 Pa. Superior Ct. 73, 436 A.2d 1010 (1981).

The Commonwealth was subsequently granted *en banc* reargument on the issue of the quashal of its appeal. The Commonwealth does not dispute that it may not appeal a finding of "not guilty" by a trial judge. Rather, the Commonwealth, characterizing the judge's decision as a "putative acquittal," urges its appealability since the lower court was, in effect, sitting as an appellate court pursuant to the writ of certiorari and exceeded its scope of review by declaring Dincel "not guilty". Because we find that this argument has merit, and because we find the evidence was sufficient to convict appellee of driving under the influence,

474

we vacate the order by which Dincel was adjudged not guilty and reinstate the original verdict of the Municipal Court of Philadelphia.

Our decision is guided by Double Jeopardy concerns since the general rule is that the entry of a verdict of acquittal by a trial court in a criminal proceeding usually cannot be reviewed without placing the defendant twice in jeopardy in violation of the double jeopardy clauses of both the Fifth Amendment of the United States Constitution and of Article I, § 10 of the Pennsylvania Constitution. *Sanabria v. U.S.*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981); *Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193 (1980); *Commonwealth v. Lodge No. 148, Loyal Order of Moose*, 188 Pa. Superior Ct. 531, 149 A.2d 565 (1959). This rule, however, must be qualified by the particular facts in certain cases. For example, in *Sanabria, supra,* the defendant was on trial for two violations of gambling laws. Midway through the trial certain numbers evidence was erroneously excluded, which fact resulted in a judgment of acquittal. The Supreme Court ruled that such an error in the defendant's favor on the merits of the charge was an acquittal in fact. In that circumstance, the Double Jeopardy Clause absolutely barred a second trial, thus the government was not permitted to appeal. Similarly, in *Fong Foo v. U.S.*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), the court's error in directing jury verdicts of acquittal resulted in their nonappealability since review would put the defendants twice in jeopardy, and thereby violate the Constitution. Moreover, this fundamental rule of the government's inability to appeal a not guilty verdict has been extended to situations where a court sustains a defendant's demurrer to the prosecution's evidence, an ordinarily appealable order,[2]

2. The Commonwealth may usually appeal from an adverse ruling in a criminal case, e.g., where a new trial is granted to a convicted defendant on the sole ground that the introduction of certain evidence at his trial was prejudicial error, *Commonwealth v. Antonini,* 165 Pa. Superior Ct. 501, 69 A.2d 436 (1949), or where an indictment has been quashed or judgment arrested after a verdict of guilty, *Commonwealth*

but in addition, erroneously enters a judgment of not guilty, *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 29 A.2d 340 (1942), cited with approval in *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963). In addition, our Supreme Court has looked beyond the characterization of an order of the grant of a demurrer which in actuality was a *de facto,* but silent, judgment of acquittal, *Commonwealth v. Wimberly, supra,* and has rendered such an order nonappealable by the Commonwealth.

■ The underlying rationale for all of the cases appears to focus on whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. *U.S. v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), quoting *U.S. v. Martin Linen Supply,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), in *Commonwealth v. Wimberly,* 488 Pa. at 173, 411 A.2d at 1194. Moreover, the trial judge's characterization of his own action cannot control the classification of the action. *U.S. v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (opinion of Harlan, J.) in *Wimberly* 488 Pa. at 173, 411 A.2d at 1195.

A concomitant consideration is whether permitting review in a case would "expose the defendant to the risk of a second trial after the finder of fact ruled in [her] favor in the first." *U.S. v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

■ With these considerations in mind, this court finds that the "not guilty" which was erroneously entered by the reviewing court below in its order was not, in fact, an acquittal. It was not the erroneous entry of a not guilty verdict by a trial court otherwise empowered to so rule at another stage of the trial proceeding. Rather, it was a legal determination that the evidence was insufficient to sustain the verdict of guilty of Driving Under the Influence after a review of the Municipal Court record. A trial *de*

*v. Wallace,* 114 Pa. 405, 6 A. 685 (1886), or where the defendant's demurrer to the Commonwealth's evidence has been sustained. *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961).

*novo* was never held. That the Court labeled its dismissal as a not guilty verdict is not, in itself, determinative. In addition, the review of the court's order will not expose appellee Dincel to the risk of a second trial. Rather, the most that could happen is the reinstatement of her guilty verdict by the Municipal Court.

An important distinction separates the instant case from others in which this court quashed appeals by the Commonwealth although the lower courts erroneously entered not guilty verdicts. In this case, the lower court, did not have the power to act as a fact-finder by declaring appellee not guilty. In the cases cited above which delineate the parameters of double jeopardy guarantees, the lower courts were empowered to find facts and to rule on the law as trial courts. The errors of those cases involved decisions on factual issues which redounded in the defendant's favor. Therefore, in those cases, for any reviewing court to permit such review would open up the acquitted defendants to the possibility of another criminal proceeding. This is the classic proscription implicating the Double Jeopardy clause.

However, in this case, appellee elected to proceed in such a way that the court of common pleas could render a legal determination based on its review of the evidence.

Assuming the viability of the process by which a defendant may file a petition for a writ of certiorari after a guilty verdict by a Philadelphia Municipal Court,[3] it is helpful to

---

3. The Writ of Certiorari (hereinafter referred to as the Writ), is authorized as a mode of appeal from the Municipal Court in the City of Philadelphia by Section 26 of the Schedule to Article 5 of the Constitution of Pennsylvania.

Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas ... shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia....
Although the use of the Writ by those found guilty of summary offenses has been abolished, the Act which authorizes its issuance in misdemeanor convictions has not been abolished. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 934.

Furthermore, in *Commonwealth v. Poindexter*, 248 Pa. Superior Ct. 564, 375 A.2d 384 (1977) reversed on other grounds, 484 Pa. 472, 399 A.2d 390 (1979) this court assumed that since the writ was not

review the difference between the appeal and the writ in that context. As one authority has described the procedure,

A defendant may also appeal municipal court convictions on the record rather than de novo, and this appeal is heard by the court of common pleas. This mode of appeal is instituted by a petition for a writ of certiorari filed in the common pleas court. This appeal is not granted as a matter of right and the success of this procedure depends on the record made in the municipal court. If a successful appeal would require an arrest of judgment and a termination of a prosecution, then this procedure may be the most appropriate. *For example, if the evidence was insufficient to sustain the conviction, an appeal by writ of certiorari would terminate the prosecution, while a de novo appeal would merely require a new trial at which the Commonwealth would have another opportunity to convict the defendant.* Wasserbly, Pennsylvania Criminal Practice I, § 12.04 (1981). (emphasis added)

In the instant case, appellee requested the Common Pleas Court to review the sufficiency of the evidence by writ. By this procedure, the court, sitting in review of the municipal court proceedings, was empowered either to affirm the driving under the influence conviction or to order the defendant discharged for insufficient evidence.[4] Neverthe-

expressly abolished by the Supreme Court in all cases, but only in summary cases, that the Philadelphia Court of Common Pleas retained the power to issue writs in non-summary cases. See also, *Commonwealth v. McHarris*, 246 Pa. Superior Ct. 488, 490 n. 5, 371 A.2d 941, 942 n. 5 (1977). The Supreme Court has never addressed this specific question directly, although in *Commonwealth v. Anderson*, 481 Pa. 292, 294 n. 1, 392 A.2d 1298, 1299 n. 1 (1978), the Supreme Court did note that the writ has been abolished in summary cases.

4. See *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (double jeopardy bars retrial if evidence is found to be insufficient); *Commonwealth v. Wright*, 449 Pa. 358, 296 A.2d 746 (1972) (Where it is determined that evidence is insufficient to sustain charge, trial court is mandated to discharge defendant and dismiss the case.)

less, the court labeled its finding of insufficient evidence as an adjudication of not guilty.

Keeping in mind the principle that the trial judge's characterization of his own action cannot control the classification of the action, *Commonwealth v. Wimberly, supra,* quoting *U.S. v. Jorn,* 400 U.S. 470, 91 S.Ct. 549, 27 L.Ed.2d 543 (1971) (Opinion of Harlan, J.), we find that the lower court's not guilty verdict entered erroneously and without the power to so rule, does not preclude a review of the proceedings.

Appellee argues that the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution would be violated by such review. Appellee relies on *Commonwealth v. Ferrone,* 218 Pa. Superior Ct. 330, 280 A.2d 415 (1971) and *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963). In *Ferrone,* after a trial on the merits, the trial court both suppressed the evidence and acquitted the defendant. The Commonwealth attempted to appeal because it claimed it was appealing the grant of a suppression motion. However, this court quashed the Commonwealth's appeal since there was a trial on the merits before the order of suppression was entered, and therefore, *Ferrone* represented a not guilty verdict, unappealable by the Commonwealth. So also was this the situation in *Haines,* wherein the court, after sustaining a demurrer, directed the jury to return a verdict of not guilty. Although the procedure was incorrect, the Commonwealth could not appeal.[5]

5. *Cf. Commonwealth v. Thinnes,* 263 Pa. Superior Ct. 79, 397 A.2d 5 (1979). (court sustained demurrer, but entered not guilty verdict; Commonwealth could not appeal). See also *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 29 A.2d 340 (1942); and see *Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972) (after declaring an ordinance unconstitutional, court entered not guilty verdict, from which Commonwealth could not appeal); *Commonwealth v. Lodge No. 148 Loyal Order of Moose,* 188 Pa. Superior Ct. 531, 149 A.2d 565 (1959) (where parties submit appeal from magistrate's judgment on stipulated facts, adjudication of not guilty by trial court may not be appealed by Commonwealth); but see, *Commonwealth v. Davis,* 247 Pa. Superior Ct. 450, 372 A.2d 912 (1977) (Commonwealth was permitted to appeal pre-trial order of court and finding by court that defendant was "not

However, in the instant case, by appellee's choosing to proceed by writ of certiorari, she forewent the right to a trial *de novo*, after which the lower court could have rightfully found her not guilty, and elected to have the common pleas court act as an appellate court in rendering legal determinations.

We, therefore, hold that when the lower court, sitting as an appeals court from a determination of guilty by a municipal court judge, found the defendant not guilty from its review of the municipal court record, it exceeded its jurisdiction.[6]

In effect, looking beyond the label which the lower court gave to its order, we find that its ruling was, in fact, a dismissal of the driving under the influence charge for insufficient evidence, a legal determination. Therefore, the Commonwealth's right to appeal is preserved.[7]

II.  Sufficiency of the Evidence

On September 23, 1976, at approximately 10 p.m., appellee Linda Dincel was driving toward the Benjamin Franklin Bridge from Philadelphia to New Jersey. Her Plymouth Duster went wildly out of control onto a sidewalk. It knocked down three steel poles and struck two young men who were standing there. One victim, Charles Murphy, age nineteen, was killed instantly by the impact. His compan-

guilty"; no mention of "not guilty" appeared on docket, no evidence was presented, and order involved only a question of law).

6.  We find appellee's argument unpersuasive that the Court of Common Pleas acted within its jurisdiction in finding her not guilty while sitting as a reviewing court because of broad King's Bench powers conferred on the Common Pleas court. On the contrary, a court of common pleas is not vested with the powers of the Justices of King's Bench. *Pa. Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963).

7.  This court recently permitted the Commonwealth to appeal from a lower court's *sua sponte* post-verdict order changing verdicts of guilty to not guilty since an appellate reversal would result only in the reinstatement of the original verdicts of guilty. *Commonwealth v. Parker,* 305 Pa. Superior Ct. 516, 451 A.2d 767, 769 (1982). This court found that since the lower court exceeded its post-verdict authority, its order must be vacated.

ion, James H. Schmitt, was injured, but survived. The evidence before the Municipal Court revealed that Dincel drove her car away from the scene, but was detained at the bridge toll booth when officials became aware of her inappropriate behavior and suspected that she may have been the driver involved in the fatal accident.

■ The municipal court judge found Dincel guilty of both Involuntary Manslaughter and Driving Under the Influence of Alcohol. The convictions were presented to the Honorable Charles Mirarchi for review as an appellate court, whose subsequent order of not guilty on the charge of Driving Under the Influence we hold invalid by this Opinion. We have regarded said order as his dismissal of that charge for insufficient evidence. We, therefore, review the evidence presented in the Municipal Court in the light most favorable to the verdict winner in the original court proceeding, the Commonwealth. *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975). Because we find from our review of the proceedings in the Philadelphia Municipal Court that the evidence was sufficient to support a verdict of guilty of Driving Under the Influence, we hereby vacate the dismissal of the Court of Common Pleas subsequent to appellee Dincel's writ of certiorari and reinstate the guilty verdict of the Municipal Court of Philadelphia.

■ To establish that appellee was guilty of driving under the influence of liquor, the Commonwealth had to prove that (1) she was operating a motor vehicle, (2) she was under the influence of liquor. *Commonwealth v. Arizini*, 277 Pa. Superior Ct. 27, 419 A.2d 643 (1980).

Testimony by toll collector Archie T. Swan established that at about 10 p.m. on September 23, 1976, Linda Dincel drove her car into the exact change line of the toll area near the Benjamin Franklin Bridge. She offered a dollar bill to Swan who told her she would have to go to the manual lane since she did not have exact change. He also noticed that her lights were out. Swan brought that to her attention.

At this time, a motorist called to Swan that two men were lying on the plaza on the Philadelphia side. Swan again told Dincel to move to another lane and she objected and also remarked that her lights *were* on. Then Dincel said "I just left a beautiful dinner and I put my lights on and I had a couple of drinks..."

Then Dincel backed her car to the curb and got out of her car. As she did so, a check fell to the ground. Swan's testimony was that Dincel staggered as she retrieved it. When Swan asked her if she was all right, she replied "Yes, I'm all right. I just had a few drinks and a lovely dinner." Swan also observed Dincel as dazed, with glassy eyes, and unstable on her feet. He opined from his observations that she was intoxicated.

Then, Sergeant Jessee Maass of the Delaware Port Authority testified as to his encounter with appellee Dincel. That night, as he was arriving at the scene of the accident, he received word over his radio that fellow officers had a vehicle bearing the description of the one which struck the two young men at the toll plaza. (This was Dincel's car.) He went to the plaza and there observed Dincel leaning for support against a cyclone fence. He noted a strong odor of alcohol on her breath, her bloodshot eyes, and her blank staring look. Her feet were spread wide for balance; her speech was slow; she was polite and cooperative, but sleepy, and her movements were slow. Maass gave his opinion that Dincel had been driving while under the influence of alcohol. Additionally, the results of the breathalyzer test, which was administered at 12:35 a.m., September 24, 1976, were .09, one-one hundredth less than the statutory inference in Pennsylvania for intoxication. 75 Pa.C.S. § 1547(d)(3). This breathalyzer test result has been found to be an inference which the factfinder may accept or reject in light of all of the evidence in a case. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974).

It is this court's conclusion that the Court of Common Pleas which sat in review of the lower court proceeding pursuant to a writ of certiorari should have considered

the evidence presented to the Municipal Court in a light most favorable to the Commonwealth. This Court, in applying this standard, finds that the evidence was indeed sufficient to prove appellee guilty of driving under the influence beyond a reasonable doubt.

The Court of Common Pleas found that the evidence presented him with a serious conflict of facts. He placed great weight on the fact that neither of the officers noticed that appellee drove her car erratically. We find this unpersuasive, especially as the testimony established that a fatal accident occurred because appellee drove her car onto a sidewalk.[8] (The Commonwealth presented several witnesses who saw the accident and described the car and the fact that a woman was driving.) She then continued driving to the wrong toll lane, and there she aroused suspicion in the mind of the toll officer by her inappropriate responses to his inquiries. The Court also relied on the report of one Dr. Pickering who examined Dincel at 1:00 a.m. on September 24, 1982, about three hours after the accident. He stated that her speech and coordination were normal and that she was not under the influence of alcohol. The court found that because of the conflict in testimony that a reasonable doubt existed as to appellee's guilt of driving under the influence.[9]

We hold contrary. Despite the testimony pertaining to appellee's emotional upset, the evidence established, both by eyewitnesses and appellee herself, that Dincel had consumed a few drinks earlier that evening, that she caused an accident which resulted in death and serious injury, that her

**8.** In determining whether one charged with driving under the influence of liquor was in fact under the influence, it is proper for the fact-finder to consider the circumstances surrounding the accident. *Commonwealth v. Long,* 131 Pa. Superior Ct. 28, 198 A. 474 (1938) in *Commonwealth v. Arizini, supra,* 277 Pa.Super. at 45, 419 A.2d at 652.

**9.** Appellee testified in her defense that she had no recollection of the circumstances surrounding the accident. She did testify that she had been emotionally upset earlier in the evening as a male acquaintance terminated their relationship. Appellee also presented testimony by a psychiatrist who treated Dincel as having experienced acute hysterical neurosis because of the emotional upset.

demeanor immediately after the accident was characteristic of one who is under the influence of alcohol, that her breath smelled of alcohol and that two and one half hours after the accident her breathalyzer reading was .09. Additionally, it must be noted that it was the Municipal Court which originally adjudged appellee guilty of this charge with the benefit of being able to view the witnesses themselves. Taking all of this evidence as a whole, then, in the light most favorable to the Commonwealth, we find that the evidence was sufficient to sustain appellee's conviction of Driving under the Influence. The order of not guilty by the Court of Common Pleas is vacated and the judgment of sentence of guilty of Driving Under the Influence of the Municipal Court is reinstated.

JOHNSON, J., files a concurring opinion.

JOHNSON, Judge, concurring:

Although I concur in the result reached by the majority in the instant case, I reach that result by a different analysis.

First, I do not believe that an in-depth analysis of the Double Jeopardy aspects of this case is warranted. As our result does not involve either a new trial or an affirmance of a valid acquittal, Double Jeopardy is not at issue. This follows from a determination that the court of common pleas was in error in entering the "not guilty" verdict when reviewing the Philadelphia Municipal Court convictions on certiorari.[1]

Secondly, if we are to hold that the reviewing court in this case exceeded its scope of authority or review, it is incumbent on this court to set forth the proper scope. It is far from clear what the scope of review of the court of common pleas is, on review pursuant to an acceptance of

1. Those cases holding that the Commonwealth may not appeal from an erroneously entered acquittal are distinguishable from the instant case. In those cases, it was the *trial court* who, having authority to enter an acquittal, did so improperly. *See e.g. Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193 (1979). In the instant case, the court of common pleas, sitting as an appellate court of review, did not have the authority to enter the not guilty verdict.

certiorari to the Philadelphia Municipal Court. No case law exists on this precise point.[2]

Prior to the suspension of 42 P.S. § 3006, which permitted an appeal from a *summary* conviction by means of writ of certiorari,[3] the scope of review by a court of common pleas upon appeal to it by writ of certiorari from a minor court was clear: the writ of certiorari was merely a remedy to bring before a court of record asserted procedural defects in the proceedings before a justice of the peace or magistrate. *See Commonwealth v. Wadzinski*, 485 Pa. 247, 401 A.2d 1129 (1978). The writ afforded but a limited scope of review, not embracing substantive errors such as sufficiency of the evidence. *Commonwealth v. Quinn*, 215 Pa.Super. 78, 257 A.2d 266 (1969). Where there exists a statutory right of appeal, questions of fact may not be reviewed on certiorari, nor issues related to sufficiency, admissibility, competency or relevancy of evidence presented to a justice of the peace. *Commonwealth v. Cook*, 226 Pa.Super. 273, 308 A.2d 151 (1973). The judgment on writs of certiorari from a summary conviction before an alderman or justice of the peace was limited to (1) sustaining or (2) setting aside the judgment. *Commonwealth ex rel. Burton v. Baldi*, 147 Pa.Super. 193, 24 A.2d 76 (1942), *quoting Commonwealth v. Benson*, 94 Pa.Super. 10 (1928). An appeal *on the merits* from a summary conviction before a minor court could be taken *only* to the court of quarter sessions, to be heard *de novo*. *See Commonwealth v. Wadzinski, supra.*

In *Commonwealth v. Poindexter, supra*, the defendant appealed from the orders of the court of common pleas, after that court issued a writ of certiorari to the Philadelphia Municipal Court, on the defendant's petition. How-

**2.** I agree with the majority that certiorari is an available method of appeal in the instant case. See Pa. Const.Sched. Art. 5, § 26; 42 Pa.C.S.A. §§ 932, 934. See also *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 375 A.2d 384 (1977), *rev'd on other gds.*, 484 Pa. 472, 399 A.2d 390 (1979).

**3.** 42 P.S. § 3006 was suspended by Pa.R.Crim.P. 159(e) as of January 1, 1974.

ever, neither the superior nor the supreme court opinions in that case discuss the applicable scope of review, either for the common pleas court on certiorari or on further review. The court of common pleas, on certiorari, in *Poindexter* did review the sufficiency of the evidence, in terms of the Commonwealth's proof of the elements of the crimes charged.

Therefore, the scope of review in the instant case remains unclear. Pursuant to a review of the cases cited *supra*, I believe the scope of review of the court of common pleas on certiorari from the Philadelphia Municipal Court on non-summary charges to now include (1) review of procedural defects in the proceedings before the Philadelphia Municipal Court and (2) review of the legal sufficiency of the evidence. By use of this standard, the court of common pleas will be able to correct those procedural errors which appear from the record, thereby protecting the due process rights of the defendant. Also, by permitting review of the legal sufficiency of the evidence, those prosecutions involving legally insufficient evidence can be corrected directly, instead of requiring a trial *de novo*. Finally, I do not consider the setting forth of this scope of review as necessarily changing the law in this area, therefore, it will be applied to my review of the actions of the court of common pleas in the discussion following.

In the instant case, the reviewing judge of the common pleas court, after a review of all the evidence presented, reversed Appellee's conviction for Driving Under the Influence of Alcohol, 75 Pa.C.S.A. § 3731, and entered the verdict of *not guilty*. The judge, sitting as an appellate court, clearly had no authority to enter such a verdict; only the fact finder has such authority.

The majority has come to the same conclusion regarding the entry of the not guilty verdict. However, I disagree with the majority opinion in regard to its classification of the reviewing court's review and determination as based on

insufficient evidence. My review of the reviewing court's opinion indicates that it, in essence, reviewed the record of the municipal court proceeding as a fact finder.

As stated in *Commonwealth v. Council,* 491 Pa. 434, 437, 421 A.2d 623, 624 (1980):

It is essential to the fair administration of justice that appellate tribunals not sit as second fact-finders. Rather, on appeal the evidence must be viewed in the light most favorable to the verdict winner with all reasonable inferences flowing therefrom. *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975).

*See also Commonwealth v. Parker,* 494 Pa. 196, 431 A.2d 216 (1981).

Upon reviewing the testimony of the witnesses, the reviewing court determined that the alleged *conflict* in the witnesses' testimony suggested the invocation of reasonable doubt. The reviewing court, weighing the evidence of the witnesses differently than the Municipal Court, then made its determination. This was error.

Credibility is within the exclusive province of the trier of fact and only when the evidence is so inconsistent and unreliable that the verdict is based upon conjecture, will the reviewing court overturn the conviction. *Commonwealth v. King,* 287 Pa.Super. 105, 429 A.2d 1121 (1981). The reviewing court reviewed the evidence as would a trial court in reviewing a motion in arrest of judgment following trial. This was improper, as the reviewing court in the instant case had the status of an appellate court when reviewing a conviction on writ of certiorari and therefore was bound by the appellate scope of review as set forth *supra.*

Finally, I join in the majority's determination that on proper review of the evidence, both convictions must be sustained. Hence, I join in the result vacating the order of the court of common pleas and reinstating the Municipal Court judgment of sentence.