## Commonwealth v. Weibly

*Joanna Nezovich, assistant district attorney,* for the Commonwealth.
*William R. Bernhart,* for defendant.

SAYLOR, *J.,* November 21, 1985—The Commonwealth seeks to appeal the district justice's disposition of a summary offense charged under the Vehicle Code. Defendant has filed a motion to quash the appeal.

In its petition, the Commonwealth avers that the citation, charging defendant with violating §1543(a) of the Vehicle Code (Driving While Operating Privilege Is Suspended or Revoked), was improperly dismissed by the district justice for noncompliance with Pa.R.Crim.P. 51. Defendant's answer denies that assertion claiming he was found not guilty after a full hearing.

The case was heard by District Justice Paul Geiger, who was temporarily assigned during the sick leave of the issuing authority. District Justice Charlotte Reber, the issuing authority, returned two transcripts, the original one showing the disposition in block 31 to be "N/G" (Not Guilty), and the judgment of sentence, block 52, reading: "Case dismissed by District Justice Paul Geiger" and an amended one, filed one month later, changing the disposition in block 31 to read "DIS" (Dismissed).

Relying on the Judicial Code, 42 Pa.C.S. §5105, as well as Commonwealth of Pennsylvania, Depart-

ment of Environmental Resources v. Bowman, 54 Pa.Commw. 71, 420 A.2d 23 (1980), the Commonwealth claims a right of appeal from summary proceedings in a criminal prosecution. It does concede, however, that the principle of double jeopardy prohibits a Commonwealth appeal from a verdict of not guilty or a verdict of acquittal. See, e.g., Commonwealth v. Thinnes, 263 Pa.Super. 79, 397 A.2d 5 (1979). Because we are of the opinion, based on the original transcript returned and the testimony of the district justice who heard the case, that defendant was found not guilty, we must grant defendant's motion to quash and will do so without deciding the Commonwealth's right to appeal and the scope of review, if such right exists.

At the hearing on the Commonwealth's petition for appeal, District Justice Reber and her secretary testified that the amended transcript was filed to correct a "clerical error." The secretary, who prepared the original transcript, said she typed "N/G" in block 31 but didn't remember why because it was her recollection that Geiger, making no determination of guilt, merely dismissed the case. Geiger, however, tesified that he did both. In his words, he found defendant not guilty on the evidence and dismissed the case on a Pa.R.Crim.P. 51 violation which he concludes was prejudicial to defendant.

A transcript returned to court serves two principal purposes. It furnishes the appeal court with a record of the proceedings below and it serves to protect a defendant from later prosecution for the same offense. Commonwealth ex rel. Seibert v. Manager of House of Correction, 10 D.R. 371 (1901). Although Pa.R.Crim.P. 147 permits an amendment to a transcript after it has been returned, it may only be done "upon application filed and permission granted by the court, and, then, only to perfect the record to

conform to the facts of the case." And where, as here, the amendment might prejudice the defendant, it would seem that he is entitled to notice. Commonwealth v. Bennett, 32 D.&C. 542 (1938). Since no application was filed nor court permission granted, we must strike the amended transcript and disregard it.* Turning then to the original transcript, we find no basis to amend even if asked because it is in harmony with District Justice Geiger's testimony that he found defendant "not guilty."

The Commonwealth's argument that notwithstanding the transcript and Geiger's testimony the case was decided purely on a question of law, not resulting in a judgment of acquittal, is without support in the law. Even where a court sustains a defendant's demurrer to the Commonwealth's evidence and, in addition, erroneously enters a judgment of not guilty, the Commonwealth may not appeal. Commonwealth v. Haines, 410 Pa.601, 190 A.2d 118 (1963). Likewise, where the reason for the decision complained of is based upon an admixture of law and fact, the Commonwealth is without any right to appeal therefrom. Commonwealth v. Melton, 402 Pa. 628, 168 A.2d 328 (1961).

Even if it would seem that the district judge's decision turned on an issue of law and that he intended to merely dismiss the case, the fact is that he adjudicated defendant not guilty and that is what one finds on the record. And the rule prohibiting a Commonwealth appeal from a not guilty finding is the same even if the verdict was wrong or entered in er-

---

* The amended transcript was mailed to the Prothonotary's office with a cover letter (Exhibit 3). In fairness to District Justice Reber we should note that this was the procedure suggested to her by Court Administration.

ror. Commonwealth v. Heiland, 110 Pa.Super. 188, 167 A.439 (1933).

Finally, we find no basis in law or in fact for defendant's claim for damages and grant the Commonwealth's motion for judgment on the pleadings.

Accordingly, we enter the following

## ORDER

November 21, 1985, for the reasons stated in the foregoing opinion, defendant's motion to quash is granted and the claim for damages is denied.